CLOSED,PAT/CPY/TMK



# U.S. District Court
# Eastern District of Michigan (Detroit)
# CIVIL DOCKET FOR CASE #: 2:15-cv-13935-SJM-MJH

**17    1488**

Progme Corporation v. Comcast Cable Communications, LLC, et al.
Assigned to: District Judge Stephen J. Murphy, III
Referred to: Magistrate Judge Michael J. Hluchaniuk
Cause: 15:1126 Patent Infringement

Date Filed: 11/09/2015
Date Terminated: 03/29/2017
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**Progme Corporation**
Progme Corporation
208 Clair Hill
ROCHESTER HILLS, MI 48309
2483762840

represented by **David A. Reams**
208 Clair Hill
Rochester Hills, MI 48309
248-462-9031
Email: godreams@juno.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Amazon.com, Inc.**
*Amazon*
*TERMINATED: 11/25/2015*

## Defendant

**Bright House Networks, LLC**
Bright House Networks, LLC
5000 Campuswood Drive
East Syracuse, NY 13057
*TERMINATED: 11/25/2015*

## Defendant

**CSC Holdings LLC**
1111 Stewart Avenue
Bethpage, NY 11714
*TERMINATED: 11/25/2015*

## Defendant

**Charter Communications Inc.**
400 Atlantic Street
Stamford, CT 06901
*TERMINATED: 11/25/2015*

## Defendant

**Comcast Corporation**

represented by **Melissa Benton Moore**

1 Comcast Center
Philadelphia, PA 19103
*TERMINATED: 02/24/2016*

Bodman PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226
313-393-7539
Fax: 313-393-7579
Email: mmoore@bodmanlaw.com
*ATTORNEY TO BE NOTICED*

**Thomas J. Tallerico**
Bodman
201 W. Big Beaver Road
Suite 500
Troy, MI 48084
248-743-6000
Email: ttallerico@bodmanlaw.com
*ATTORNEY TO BE NOTICED*

### Defendant

**HP Inc.**
3000 Hanover Street
Palo Allto, CA 94304
*TERMINATED: 11/25/2015*

### Defendant

**Hulu, LLC**
2500 Broadway
Santa Monica, CA 90404
*TERMINATED: 11/25/2015*

### Defendant

**iHeartMedia, Inc.**
200 East Basse Road
San Antonia, TX 78209
*TERMINATED: 11/25/2015*

### Defendant

**Jelli, Inc.**
703 South B Street, 2nd Fl.
San Mateo, CA 94401
*TERMINATED: 11/25/2015*

### Defendant

**Katz Media, Inc.**
125 W. 55th Street
New York, NY 10019
*TERMINATED: 11/25/2015*

### Defendant

**NBCUniversal, Inc.**

30 Rockefeller Plaza
New York, NY 10112
*TERMINATED: 11/25/2015*

**Defendant**

**NetFlix, Inc.**
100 Winchester Circle
Los Gatos, CA 95032
*TERMINATED: 11/25/2015*

**Defendant**

**Samsung Electronics America, Inc.**
85 Challenger Road, 6th Fl.
Ridgefield Park, NJ 07660
*TERMINATED: 11/25/2015*

**Defendant**

**SeaChange International, Inc.**
50 Nagog Park
Acton, MA 01720
*TERMINATED: 11/25/2015*

**Defendant**

**The Walt Disney Company**
500 S. Buena Vista
Burbank, CA 91521
*TERMINATED: 11/25/2015*

**Defendant**

**The Weather Channel, Inc.**
300 Interstate North Parkway
Atlanta, GA 30339
*TERMINATED: 11/25/2015*

**Defendant**

**Time Warner Cable Inc.**
10 Columbus Circle
New York, NY 10019
*TERMINATED: 11/25/2015*

**Defendant**

**Amazon.com, Inc.**
1200 12th Avenue South, Ste. 1200
2711 Centerville Road, Suite 400
Seattle, WA 98144
*TERMINATED: 11/25/2015*

**Defendant**

**Comcast Cable Communications,**          represented by  **Thomas J. Tallerico**

**LLC**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**NBCUniversal Media, LLC**

represented by **Eric A. Buresh**
Erise IP, P.A.
5251 W. 116th Place
Leawood, KS 66211
913-777-5600
Fax: 913-777-5601
Email: eric.buresh@eriseIP.com
*ATTORNEY TO BE NOTICED*

**Melissa Benton Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michelle L. Marriott**
Erise IP, P.A.
6201 College Blvd
Suite 300
Overland Park, KS 66211
913-777-5600
Fax: 913-777-5601
Email: michelle.marriott@eriseip.com
*ATTORNEY TO BE NOTICED*

**Thomas J. Tallerico**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/09/2015 | | Addition of Parties to CM/ECF: Plaintiff DAVID Progme Corporation. Reason: The party was incorrectly added to CM/ECF Plaintiff requests summons issued. (Reams, David) (Entered: 11/09/2015) |
| 11/09/2015 | | Addition of Parties to CM/ECF: Plaintiff Progme Corporation. Plaintiff requests summons issued. (Reams, David) (Entered: 11/09/2015) |
| 11/09/2015 | 1 | COMPLAINT *for Patent Infringement* filed by Progme Corporation against Progme Corporation with Jury Demand. Plaintiff requests summons issued. Receipt No: 0645-5419596 - Fee: $ 400. County Where Action Arose: Oakland - [Previously dismissed case: No] [Possible companion case(s): None] (Attachments: # 1 Index of Exhibits, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Reams, David) (Entered: 11/09/2015) |
| 11/10/2015 | 2 | SUMMONS Issued for * All Defendants * (DTyl) (Entered: 11/10/2015) |
| 11/19/2015 | 3 | Patent Report Sent To Washington (Reams, David) (Entered: 11/19/2015) |
| | | |

| 11/25/2015 | 4 | NOTICE of Voluntary Dismissal by All Plaintiffs as to Bright House Networks, LLC, CSC Holdings LLC, Charter Communications Inc., HP Inc., Hulu, LLC, Jelli, Inc., Katz Media, Inc., NBCUniversal, Inc., NetFlix, Inc., Samsung Electronics America, Inc., SeaChange International, Inc., The Walt Disney Company, The Weather Channel, Inc., Time Warner Cable Inc., iHeartMedia, Inc., Amazon.com, Inc. (Amazon) and Amazon.com, Inc. (Reams, David) (Entered: 11/25/2015) |
|---|---|---|
| 11/25/2015 | 5 | CERTIFICATE of Service/Summons Returned Executed. Comcast Corporation served on 11/16/2015, answer due 12/7/2015. (Reams, David) (Entered: 11/25/2015) |
| 12/10/2015 | 6 | NOTICE of Appearance by Thomas J. Tallerico on behalf of Comcast Corporation. (Tallerico, Thomas) (Entered: 12/10/2015) |
| 01/02/2016 | 7 | STIPULATED ORDER for Extension of Time to Answer Plaintiff's Complaint or otherwise Plead. Signed by District Judge Stephen J. Murphy, III. (CCoh) (Entered: 01/02/2016) |
| 02/03/2016 | 8 | MOTION to Dismiss *Under 12(B)(2) or 12(B)(3) or in the Alternative, Transfer* by Comcast Corporation. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - Declaration of Derek H. Squire) (Tallerico, Thomas) (Entered: 02/03/2016) |
| 02/03/2016 | 9 | MOTION to Dismiss *Under 12(B)(6)* by Comcast Corporation. (Tallerico, Thomas) Modified on 2/4/2016 (DTyl) [COMCAST CORPORATIONS MOTIONS TO DISMISS PROGMES INDIRECT INFRINGEMENT & WILLFULNESS CLAIMS UNDER FED. R. CIV. P. 12(B)(6), AND TO DISMISS CERTAIN DIRECT INFRINGEMENT CLAIMS UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)] (Entered: 02/03/2016) |
| 02/17/2016 | 10 | Order Regarding Motions to Dismiss and Amending Case Caption. Signed by District Judge Stephen J. Murphy, III. (LHos) (Entered: 02/17/2016) |
| 02/17/2016 | 11 | AMENDED COMPLAINT with Jury Demand filed by All Plaintiffs against Comcast Cable Communications, LLC, NBCUniversal Media, LLC. NEW PARTIES ADDED. (Attachments: # 1 Index of Exhibits, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Reams, David) (Entered: 02/17/2016) |
| 02/17/2016 | | REQUEST for SUMMONS for Comcast Cable Communications, LLC. (Reams, David) (Entered: 02/17/2016) |
| 02/17/2016 | | REQUEST for SUMMONS for NBCUniversal Media, LLC. (Reams, David) (Entered: 02/17/2016) |
| 02/18/2016 | 12 | SUMMONS Issued for *Comcast Cable Communications, LLC* (DWor) Modified on 2/18/2016 (DWor). [CORRECTED SUMMONS ISSUED] (Entered: 02/18/2016) |
| 02/18/2016 | 13 | SUMMONS Issued for *NBCUniversal Media, LLC* (DWor) Modified on 2/18/2016 (DWor). [CORRECTED SUMMONS ISSUED] (Entered: 02/18/2016) |
| | | |

| 02/18/2016 | 14 | SUMMONS Issued for *Comcast Cable Communications, LLC, NBCUniversal Media, LLC* (DWor) (Entered: 02/18/2016) |
|---|---|---|
| 02/19/2016 | 15 | SUPPLEMENTAL BRIEF re 11 Amended Complaint, filed by All Plaintiffs. (Attachments: # 1 Document Continuation) (Reams, David) (Entered: 02/19/2016) |
| 02/22/2016 | | REQUEST for SUMMONS for Comcast Cable Communications, LLC. (Reams, David) (Entered: 02/22/2016) |
| 02/22/2016 | | REQUEST for SUMMONS for NBCUniversal Media, LLC. (Reams, David) (Entered: 02/22/2016) |
| 02/22/2016 | 16 | SUMMONS Issued for *Comcast Cable Communications, LLC, NBCUniversal Media, LLC* (DWor) (Entered: 02/22/2016) |
| 02/22/2016 | 17 | NOTICE of Appearance by Melissa Benton Moore on behalf of Comcast Corporation. (Moore, Melissa) (Entered: 02/22/2016) |
| 02/24/2016 | 18 | ORDER denying 8 and 9 Motions to dismiss without prejudice for renewal, dismissing defendant Comcast Corporation without prejudice, and amending case caption. Signed by District Judge Stephen J. Murphy, III. (DPer) (Entered: 02/24/2016) |
| 02/29/2016 | | REQUEST for SUMMONS for NBCUniversal Media, LLC. (Reams, David) (Entered: 02/29/2016) |
| 03/01/2016 | 19 | SUMMONS Issued for *NBCUniversal Media, LLC* (DWor) (Entered: 03/01/2016) |
| 03/01/2016 | 20 | Return of Service unexecuted as to NBCUniversal Media, LLC. (SSch) (Entered: 03/02/2016) |
| 03/04/2016 | 21 | SUPPLEMENTAL BRIEF re 11 Amended Complaint, filed by Progme Corporation. (Reams, David) (Entered: 03/04/2016) |
| 03/04/2016 | 22 | CERTIFICATE of Service/Summons Returned Executed. Comcast Cable Communications, LLC served on 2/22/2016, answer due 3/14/2016. (Reams, David) (Entered: 03/04/2016) |
| 03/07/2016 | 23 | CERTIFICATE of Service/Summons Returned Executed. NBCUniversal Media, LLC served on 3/7/2016, answer due 3/28/2016. (Reams, David) (Entered: 03/07/2016) |
| 03/08/2016 | 24 | MOTION for Extension of Time to File Answer by Comcast Cable Communications, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A) (Tallerico, Thomas) (Entered: 03/08/2016) |
| 03/09/2016 | 25 | ORDER Granting 24 Motion for Extension of Time to Answer: Comcast Cable Communications, LLC answer due 3/21/2016.. Signed by District Judge Stephen J. Murphy, III. (CCoh) (Entered: 03/09/2016) |
| 03/09/2016 | 26 | NOTICE of Appearance by Melissa Benton Moore on behalf of NBCUniversal Media, LLC. (Moore, Melissa) (Entered: 03/09/2016) |
| | | |

| 03/09/2016 | 27 | NOTICE of Appearance by Thomas J. Tallerico on behalf of NBCUniversal Media, LLC. (Tallerico, Thomas) (Entered: 03/09/2016) |
|---|---|---|
| 03/10/2016 | 28 | MOTION for Extension of Time to File Answer by NBCUniversal Media, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit Exhibit A) (Tallerico, Thomas) (Entered: 03/10/2016) |
| 03/10/2016 | 29 | ORDER Granting 28 Motion for Extension of Time to Answer NBCUniversal Media, LLC answer due 4/1/2016.. Signed by District Judge Stephen J. Murphy, III. (CCoh) (Entered: 03/10/2016) |
| 03/21/2016 | 30 | MOTION to Dismiss by Comcast Cable Communications, LLC, Comcast Corporation. (Tallerico, Thomas) (Entered: 03/21/2016) |
| 03/21/2016 | 31 | MOTION to Transfer Case *Pursuant to 28 USC 1414(A)* by Comcast Cable Communications, LLC, Comcast Corporation. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - Medlock Declaration, # 3 Exhibit B - Failbus Declaration, # 4 Exhibit C - McCann Declaration) (Tallerico, Thomas) (Entered: 03/21/2016) |
| 04/01/2016 | 32 | MOTION Motion to Dismiss Progme Corporation's First Amended Complaint re 11 Amended Complaint, by NBCUniversal Media, LLC. (Attachments: # 1 Index of Exhibits Index, # 2 Exhibit A, # 3 Exhibit B) (Tallerico, Thomas) (Entered: 04/01/2016) |
| 04/04/2016 | 33 | RESPONSE to 31 MOTION to Transfer Case *Pursuant to 28 USC 1414(A)* filed by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Reams, David) (Entered: 04/04/2016) |
| 04/05/2016 | 34 | SUPPLEMENTAL BRIEF re 31 MOTION to Transfer Case *Pursuant to 28 USC 1414(A)* filed by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Reams, David) (Entered: 04/05/2016) |
| 04/08/2016 | 35 | MOTION for Leave to File *Second Amended Complaint* by All Plaintiffs. (Attachments: # 1 Exhibit) (Reams, David) (Entered: 04/08/2016) |
| 04/08/2016 | 36 | SUPPLEMENTAL BRIEF re 35 MOTION for Leave to File *Second Amended Complaint* filed by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Reams, David) (Entered: 04/08/2016) |
| 04/11/2016 | 37 | REPLY to Response re 31 MOTION to Transfer Case *Pursuant to 28 USC 1414(A)* filed by Comcast Cable Communications, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - Declaration of Austin, # 3 Exhibit B - Declaration of Allen, # 4 Exhibit C - Declaration of Lesovitz, # 5 Exhibit D - Report of the Economic Survey) (Tallerico, Thomas) (Entered: 04/11/2016) |
| 04/11/2016 | 38 | RESPONSE to 30 MOTION to Dismiss filed by All Plaintiffs. (Attachments: # 1 Exhibit), 32 MOTION to Dismiss Progme Corporation's First Amended Complaint re 11 Amended Complaint(Reams, David) (Entered: 04/11/2016) |
| 04/12/2016 | 39 | SUPPLEMENTAL BRIEF re 30 MOTION to Dismiss , 32 MOTION Motion to Dismiss Progme Corporation's First Amended Complaint re 11 Amended Complaint, filed by All Plaintiffs. (Attachments: # 1 Exhibit) (Reams, David) |

| | | (Entered: 04/12/2016) |
|---|---|---|
| 04/22/2016 | 40 | RESPONSE to 35 MOTION for Leave to File *Second Amended Complaint* filed by Comcast Cable Communications, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - Declaration of J. Lesovitz, # 3 Exhibit B - Comparison between First and Second Complaint) (Tallerico, Thomas) (Entered: 04/22/2016) |
| 04/22/2016 | 41 | RESPONSE to 35 MOTION for Leave to File *Second Amended Complaint* filed by NBCUniversal Media, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - email correspondence, # 3 Exhibit B - comparison) (Tallerico, Thomas) (Entered: 04/22/2016) |
| 04/25/2016 | 42 | REPLY to Response re 9 MOTION to Dismiss *Under 12(B)(6) inn Support of its Motions to Dismiss Progme's Indirect Infringement & Willfulness Claims and Certain Direct Infringement Claims or, Alternatively, for a More Definite Statement* filed by Comcast Cable Communications, LLC. (Tallerico, Thomas) (Entered: 04/25/2016) |
| 04/25/2016 | 43 | REPLY to Response re 32 MOTION Motion to Dismiss Progme Corporation's First Amended Complaint re 11 Amended Complaint, filed by NBCUniversal Media, LLC. (Tallerico, Thomas) (Entered: 04/25/2016) |
| 04/27/2016 | 44 | NOTICE of Appearance by Eric A. Buresh on behalf of NBCUniversal Media, LLC. (Buresh, Eric) (Entered: 04/27/2016) |
| 04/29/2016 | 45 | REPLY to Response re 35 MOTION for Leave to File *Second Amended Complaint* filed by All Plaintiffs. (Attachments: # 1 Exhibit) (Reams, David) (Entered: 04/30/2016) |
| 05/05/2016 | 46 | CONSENT re 31 MOTION to Transfer Case *Pursuant to 28 USC 1414(A)* by NBCUniversal Media, LLC (Tallerico, Thomas) (Entered: 05/05/2016) |
| 06/01/2016 | 47 | NOTICE of Appearance by Michelle L. Marriott on behalf of NBCUniversal Media, LLC. (Marriott, Michelle) (Entered: 06/01/2016) |
| 03/29/2017 | 48 | OPINION AND ORDER GRANTING MOTION TO TRANSFER 31 AND TRANSFERRING CASE TO THE EASTERN DISTRICT OF PENNSYLVANIA. Signed by District Judge Stephen J. Murphy, III. (LHos) (Entered: 03/29/2017) |
| 03/29/2017 | | Case transferred to Eastern District of Pennsylvania. (VLun) (Entered: 03/29/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/03/2017 09:57:58 | | | |
| **PACER Login:** | ue0496:4286791:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:15-cv-13935-SJM-MJH |

| Billable Pages: | 6 | Cost: | 0.60 |
|---|---|---|---|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGME CORPORATION,

Plaintiff,                                        Case No. 2:15-cv-13935

v.                                                HONORABLE STEPHEN J. MURPHY, III

COMCAST CABLE COMMUNICATIONS,
LLC, et al.,

Defendants.

**17    1488**

_____/

## OPINION AND ORDER GRANTING MOTION TO TRANSFER [31] AND TRANSFERRING CASE TO THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff Progme Corporation sued Defendants Comcast Cable Communications, LLC

("Comcast") and NBCUniversal Media, LLC ("NBC") for patent infringement. Before the

Court are Progme's motion for leave to file a second amended complaint, Defendants'

motions to dismiss the first amended complaint, and Comcast's motion to transfer venue.

For the reasons below, the Court will grant the motion to transfer the case to the Eastern

District of Pennsylvania.

## BACKGROUND

Progme is a Michigan-based company and assignee of U.S. Patent No. 8,713,425

("the '425 Patent"), an audio/video program-related hyperlink printer. ECF 11 ¶ 31; Patent,

ECF 11-2. "The '425 Patent discloses and claims, in part, a method for generating a

hyperlink address string structured as a PrintWriter method, the hyperlink address string

addressed to a resource in the initial array position of a list in which resource identifiers

uniquely identifying resources corresponding to predetermined program material are

arrayed, for transmission in conjunction with program signals representative of

predetermined program material." ECF 11 ¶ 33.

Progme initially filed a complaint on November 9, 2015 against seventeen defendants, including Comcast Corporation and NBCUniversal, LLC. ECF 1. Two weeks later, Progme voluntarily dismissed all defendants with prejudice except for the Comcast Corporation. ECF 4. Comcast Corporation later moved to dismiss the complaint for lack of personal jurisdiction, and because it failed to state a plausible claim for relief. ECF 8, 9. Without addressing the merits of either motion, the Court afforded Progme a seven-day window of opportunity to cure the purported pleading defects by filing an amended complaint. Later that day, Progme filed a First Amended Complaint, adding Comcast and NBC (listed as a "wholly owned subsidiary and operating unit of Comcast Corporation," ECF 11 ¶ 3) as Defendants, and omitting Comcast Corporation. ECF 11. The Court mooted the outstanding motions and dismissed Comcast Corporation from the action without prejudice.

In the First Amended Complaint, Progme alleges that Defendants—through operations at a data center in Southfield, Michigan—are infringing the '425 Patent in their respective cable television systems by using '435 Patent-specific parameters, features, methods, statements, and configurations to create network and client information, and transmit signals. ECF 11 ¶¶ 27–29, 53–118. Comcast and NBC moved to dismiss the First Amended Complaint, and Comcast alternatively moved to transfer venue to the United States District Court for the Eastern District of Pennsylvania.[1] ECF 30, 31, 32. A week after the latest of those three motions was filed, Progme moved for leave to file a second amended complaint that purportedly cured the defects identified in Defendants' motions to dismiss. ECF 35.

## DISCUSSION

---

[1] NBC later filed a statement of non-opposition to the transfer. ECF 46.

I.    Defendants' Motion to Transfer Venue

First, the Court must address Comcast's motion to transfer the case to the Eastern District of Pennsylvania. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate," and often consider several factors when making the decision, including: "the convenience of the parties and witnesses"; "the accessibility of evidence"; "the costs of obtaining willing witnesses"; "the practical problems of trying the case most expeditiously and inexpensively"; and "the interests of justice." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (internal quotations omitted).

"While there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a) a plaintiff's choice of forum may be considered, but is entitled to less deference." *Choon's Design, LLC v. Larose Indus., LLC*, No. 13-13569, 2013 WL 5913691, at *2 (E.D. Mich. Nov. 1, 2013); *see alseo Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) and *Lemon v. Druffel*, 253 F.2d 680, 685 (6th Cir. 1958) ("The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in *Norwood v. Kirkpatrick*."). Still, a defendant must demonstrate, "by a preponderance of the evidence, that a change of venue to the transferee district is warranted under § 1404(a)." *Choon's Design, LLC*, 2013 WL 5913691, at *2. It is not enough for the defendant to simply "shift[] the inconvenience from one party to another." *Id.* (citation omitted). If the balance between the parties' choices of forum is even, the

3

plaintiff prevails. *Id.*

A. 28 U.S.C. § 1400

Here, Comcast spends the bulk of its briefing on the public and private consideration factors with only cursory treatment of the crucial, threshold criterion: whether the present action could have been brought in the Eastern District of Pennsylvania. ECF 31, PgID 406; *see* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). And Plaintiff does not concede the point. Comcast claims the action could have been brought in Pennsylvania because "[t]he majority of key witnesses related to the design, development, implementation, and marketing decisions regarding the Comcast Cable instrumentalities are located in Comcast Cable's Philadelphia office," and none of the witnesses knowledgeable about those aspects are located in Michigan. *Id.*

Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A defendant corporation "resides" in any district in which it is "subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c). "[T]he definition of corporate residence in the general venue statute, § 1391(c), applie[s] to the patent venue statute, 28 U.S.C. § 1400." *In re TC Heartland LLC,* 821 F.3d 1338, 1341 (Fed. Cir.) (following *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1578 (Fed. Cir. 1990)), *cert. granted sub nom., TC Heartland LLC v. Kraft Food Brands Grp. LLC,* 137 S. Ct. 614 (2016). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Nuance Commc'ns, Inc. v. Abbyy*

4

*Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

At first glance, it seems evident that the action could have been brought in the Eastern District of Pennsylvania: Comcast is headquartered in Philadelphia. ECF 11 ¶ 2. But with scant argument in Comcast's briefing, the Court must look for evidence to support that determination in the declarations attached to Comcast's motion. Comcast includes declarations from George D. Medlock, Comcast's Assistant General Counsel, Kenneth Failbus, a Development Operations and Build Release Engineer, and John McCann, Comcast's Executive Director for Product Engineering. ECF 31-2, 31-3, 31-4. Medlock's declaration states that Comcast's principal place of business is in Philadelphia, and Comcast has extensive operations and more than eight thousand personnel in the greater Philadelphia, PA area who are responsible for the "design, development, implementation, sales, and marketing of Comcast's cable platforms and services." ECF 31-2 ¶¶ 3–4. Failbus states that he is responsible for "managing and controlling the release of hardware and software products developed and used by Comcast," including the "deployment of the Comcast Message Bus (CMB) software in 2013." He further states that Comcast has never operated a "365 CLOUD Storage," a "DT1 Data Center," "servlets," or any CMB-related software in Michigan, and that the CMB was "hosted at Comcast's Potomac Data Center in Denver, Colorado." ECF 31-3 ¶¶ 3–7. McCann states that in his former role as Senior Director of Applications Engineering, he "was involved in the architectural planning and implementation" of the CMB, that a "significant amount of the work in designing, producing, and implementing the CMB" occurred at Comcast's Philadelphia headquarters, and that no CMB-related work occurred in Michigan. ECF 31-4 ¶¶ 3–4. The declarations show that the Comcast headquarters is "a regular and established place of business" in Pennsylvania,

5

and if the alleged acts of infringement were committed, they likely were committed there. Accordingly, the Court finds that the action could have been brought in the Eastern District of Pennsylvania.

B.   28 U.S.C. § 1404

Next, the Court must determine whether party convenience and the interest of justice make a transfer appropriate. *See* 28 U.S.C. § 1404(a). Comcast argues that the Eastern District of Michigan lacks any meaningful connection to the case, and thus each of the § 1404 factors favors transfer to Pennsylvania. Because Progme's arguments to the contrary are not compelling and Comcast has provided uncontroverted evidence that a number of key witnesses and pieces of documentary evidence are located in Pennsylvania, the Court finds that Comcast has demonstrated a preponderance of evidence in favor of transfer.

1.   Convenience and Costs of the Parties and Witnesses

Comcast argues that the cost factor weighs in its favor because the majority of key witnesses either related to Comcast's instrumentalities or possessing knowledge about the details of those instrumentalities are located outside of Michigan, and Progme's choice of forum should not outweigh the resulting inconvenience to Comcast in litigating the case. ECF 31, PgID 408–10, 412–13. The cost for its willing witnesses will be significantly reduced if the majority of them—located at Comcast's headquarters—have only a 20-minute walk to the federal courthouse in Philadelphia, as opposed to the 584-mile trip to the Detroit, Michigan courthouse. ECF 31, PgID 411–12. Progme contends that Comcast, as a multi-billion dollar corporation, is better-suited to handle the added costs of litigating a case away from its home than is Progme, a small company with $3,300.00 in reported

6

gross receipts or sales for 2015. ECF 33, PgID 762–63; *see* 1120S Form, ECF 33-2.

        a.    Comcast's Employee-Witnesses

To their credit, both parties have specified the hardships they would face if the other party had their choice of forum. *See Medtech Prod. Inc. v. Ranir, LLC*, No. 215CV02584JPMTMP, 2016 WL 67895, at *5 (W.D. Tenn. Jan. 5, 2016) ("When asserting financial hardships, the parties should state them with specificity."). Nevertheless, the parties' dispute is over the comparable *degree* to which the other will suffer from making the 500-mile trip to the other party's chosen forum, not the *kind* of suffering the trip would cause.

Comcast claims it will suffer more because at least four—and as many as 19—employee-witnesses will have to make the trip. ECF 31, PgID 409–10. Progme argues that the Court should discount that claim because the witnesses are employees who would not be considered "unavailable" for trial. ECF 33, PgID 761. The Court disagrees. Courts in this district consider the convenience of a party's employee-witnesses. *See, e.g., Just Intellectuals, PLLC v. Clorox Co.*, No. 10-12415, 2010 WL 5129014, at *2 (E.D. Mich. Dec. 10, 2010) (stating that California-based employee-witnesses "would have to take significant time off of work to participate in a trial in Michigan" and finding that this factor weighed in favor of defendant who "'will have more witnesses which will be required to travel' if the venue is not transferred"); *Verve, L.L.C. v. Becton Dickinson & Co.*, No. CIV.A.01-CV-74134-DT, 2002 WL 551031, at *2 (E.D. Mich. Mar. 29, 2002) ("[T]he convenience of witnesses who are also employees is considered as part of a motion to transfer and is not discounted."). The employee-witnesses will likely miss several days of work, and Comcast will incur significant costs to transport, house, and feed the group

during the trial. That amount is likely far greater than the amount Progme claims it will incur to call its three witnesses. The factor weighs strongly in Comcast's favor.

b.    Progme's Witnesses

Progme argues that a transfer to Pennsylvania will (1) create a financial hardship when the time comes to call Progme's Accounting Manager, Zachary Brackx, at trial to "testify as to the dollar amount of profits that Progme would have made absent" Defendants' infringement, ECF 33, PgID 762–63; and (2) necessitate subpoenas for its non-party witnesses, Christopher Henneberger and Don Kretsch from the DT1 Data Center, whom Progme plans to call to "testify to Comcast's JVM cable television system instrumentality generating print() or println() statements of the PrintWriter method." ECF 33, PgID 761–62; ECF 33-5 ¶¶ 1–2, 7.

Progme again argues that its year-to-date revenue does not support litigating the case in Pennsylvania, especially if it means having to pay for Brackx's travel and lodging expenses while he testifies. ECF 33, PgID 764. Furthermore, Brackx submitted a declaration of his own, stating that he is financially unable to attend the trial if it is held in Pennsylvania. ECF 33-4 ¶ 5. Comcast argues that "Progme's pleading of poverty based on Mr. Brackx has no merit," largely because Progme has submitted no evidence that Brackx could qualify as the damages expert that he purports to be, he is expected to testify to that status of "Progme's current financial condition" while it was David Reams—Progme's principal—who signed Progme's financial statements, and the cost of Brackx's arrangements pales in comparison to the projected cost of the entire patent litigation according to the American Intellectual Property Law Association. ECF 37, PgID 898–900.

The Court mostly agrees. Brackx is one of only three witnesses that Progme has

8

identified as likely to testify at trial, and the circumstances of his testimony are not yet completely in focus. While his testimony as to damages could be significant, the cost of arranging his appearance simply does not compare to the overall cost of seeing a patent case through to the end. Progme's claim is without merit. It lacks the money to pay for the accommodations of a single witness at trial in Pennsylvania, but somehow has sufficient resources to proceed through the coming months of motion practice, discovery, trial preparation, and trial—for a typically complex type of case.

As to Henneberger and Kretsch, Comcast has offered evidence that a Comcast-run system does not exist in a Michigan-based DT1 Data Center, and Comcast has never before operated a "DT1 Data Center" in Michigan. *See* ECF 31-3 ¶ 5. Robert Austin, Comcast's Vice President of Network Maintenance, stated that "[n]o frontend or backend JVM . . . has been or is hosted or implemented" in the DT1 Data Center. ECF 37-2 ¶¶ 4–5. And Walker Allen, Comcast's Senior Manager of Engineering Operations, "confirmed that Comcast Cable has never used or operated, and does not currently operate, any data center in Michigan hosted by Amazon or Amazon Web Services (AWS)," and thus "does not implement any JVM in any data center in Michigan hosted by Amazon or AWS." ECF 37-3 ¶ 4.

Furthermore, while Progme's counsel admits he has not spoken with Henneberger or Kretsch, *see* ECF 33-5 ¶¶ 3–7, Comcast's counsel—Jeffrey Lesovitz—spoke with Henneberger and confirmed that neither Henneberger nor Kretsch would have "knowledge of the contents of customer software" at the DT1 Data Center, and thus "would not know whether Comcast Cable or any other customer was implementing or had ever implemented a JVM at the data center." ECF 37-4 ¶ 5. This factor, too, tips in Comcast's favor.

9

c.  Progme's Jury Visit

For the same reason, Progme's argument that a transfer would preclude the future jury's tour of the DT1 Data Center is without merit. Comcast has provided uncontroverted evidence that it has not used the DT1 Data Center, much less operated JVM there. And as Comcast points out, "a site inspection would still be inappropriate, as the asserted patent claims are directed to software, and it is impossible to know merely by looking at a computer how the software on the computer operates." ECF 37, PgID 898. Progme's argument is not persuasive.

2.  Accessibility of Evidence

Comcast claims that the factor weighs in its favor for similar reasons: "[T]he majority of documents related to the design, development, implementation, and marketing decisions regarding [Comcast's] instrumentalities are located in Philadelphia." ECF 31, PgID 411. While the Court agrees that Comcast will likely bear the bulk of the burden of production in this case, "the location of documentary evidence is a minor consideration." *Choon's Design*, 2013 WL 5913691, at *4. "Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas." *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000).

Put simply, moving documents from one place to another is not the same as having multiple employees board a plane and miss several days of work to testify at trial. That is especially true in our present age when the vast majority of relevant documentary evidence is automatically digitized, easily catalogued, and conveniently transported. The instant case

10

is no exception; indeed, as Comcast pointed out, "the asserted patent claims are directed to software." The associated documentation is likely located on the same medium. Thus, the factor favors Comcast, but barely.

       3.    Interests of Justice

Comcast claims the final factor tilts in its favor because "[c]ourts in the Eastern District of Pennsylvania have a strong interest in resolving issues that impact their community." ECF 31, PgID 413–14. Transferring the case will not violate systemic integrity or call the litigation's fairness into question. But the Court must also acknowledge a patent owner's interest in choosing and trying a case in a forum where it is strongly connected. Accordingly, the factor does not heavily favor either party.

    C.    Conclusion

Having balanced the relevant statutory factors, the Court finds that transfer is appropriate here. Comcast has provided uncontroverted evidence that a number of key witnesses and bits of documentary evidence are located in Pennsylvania, and most of Progme's claims in opposition are unpersuasive. Creating venue for the litigation of the case in Pennsylvania will lead to an expeditious and judicious resolution, and the Court will transfer it.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Defendant's Motion to Transfer [31] is **GRANTED**, and the case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania.

**IT IS FURTHER ORDERED** that the remaining motions [30, 32, 35] are **MOOT**.
**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 29, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

12

*Transfer from the ED of Michigan on 3/29/17*

*17-CV-1488*

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _208 Clair Hill Drive, Rochester Hills, MI 48309_

Address of Defendant: _1701 JFK Blvd., Phila, PA 19103_

**17    1488**

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☐

Does this case involve multidistrict litigation possibilities?     Yes☐ No☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☒ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                              Attorney-at-Law                    Attorney I.D.#
**MAR 29 2017**

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/29/17_     _Steve Tomas_     _Deputy Clerk_
                              Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Progme Corporation   :       CIVIL ACTION

v.

Comcast Cable Communications, LLC, et al.   NO.  **17   1488**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

_3/29/17_      _Steve Tomas_      _Deputy Clerk_
**Date**           **Attorney-at-law**         **Attorney for**

**Telephone**        **FAX Number**        **E-Mail Address**

(Civ. 660) 10/02

MAR 29 2017