# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PROGME CORPORATION,

              Plaintiff,

    v.

COMCAST CABLE COMMUNICATIONS,
LLC, et al.,

              Defendants.

**Civil Action No. 2:17-cv-1488**

**Judge Gerald A. McHugh**

## MEMORANDUM IN SUPPORT OF COMCAST CABLE COMMUNICATIONS, LLC'S MOTION TO DISMISS PROGME'S INDIRECT-INFRINGEMENT & WILLFULNESS CLAIMS UNDER FED. R. CIV. P. 12(B)(6), AND TO DISMISS CERTAIN DIRECT-INFRINGEMENT CLAIMS UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................1

II.     PROCEDURAL BACKGROUND....................................................................................3

III.    FACTUAL BACKGROUND .........................................................................................4

        A.      Progme's conclusory accusations of indirect and willful infringement fail to
                identify any direct infringer, pre-suit knowledge of the patent, specific intent,
                no noninfringing substitutes, or any fact relevant to willfulness. ...........................4

        B.      Progme asserted that Comcast Cable had constructive notice of the patent
                based on patent marking on a website but nowhere alleged that Comcast
                Cable accessed the website or even knew of the existence of Progme or its
                patent before the complaint....................................................................................6

        C.      Counts III-VI merely identified source code from a third-party and stated
                that, based on the code, Comcast Cable and another defendant directly
                infringed – without any factual allegation linking the third-party code to any
                Comcast Cable instrumentality. ..............................................................................6

IV.     ARGUMENT .............................................................................................................7

        A.      Applicable Law.........................................................................................................7

        B.      The Court should dismiss Progme's allegations of indirect infringement
                under Fed. R. Civ. P. 12(b)(6) because the complaint nowhere identifies a
                direct infringer or pleads other required elements for inducement or
                contributory infringement. ...................................................................................10

                1.      Progme's failure to plead facts identifying, or at least implying the
                        existence of, a third-party direct infringer is fatal to its indirect-
                        infringement claims because there can be no indirect infringement if
                        no direct infringement..............................................................................10

                2.      Alternatively, Progme's failure to plead that Comcast Cable had
                        actual knowledge of the patent before the complaint, or to sufficiently
                        explain the alleged infringement in the complaint, is fatal to Progme's
                        indirect-infringement claims....................................................................11

                3.      Progme's inducement claims should also be dismissed because
                        Progme failed to plead specific intent or that Comcast Cable knew
                        that any third-party act constituted direct infringement............................14

4.     The Court should also dismiss each contributory-infringement claim because Progme's pleadings failed to allege that any "component" of any patented invention was unsuitable for substantial noninfringing use. ....................................................................................................16

C.     Progme's failure to plead pre-suit knowledge of the patent is fatal to its willful infringement claims. ..................................................................................17

D.     The Court should dismiss Progme's claims for direct infringement in Counts III-VI because the Counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing. .............................................................18

E.     Alternatively, the Court should order a more definite statement as to Progme's claims for direct infringement in Counts III-VI because the Counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing. ..................................................................................................19

V.     CONCLUSION ..............................................................................................21

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 Fed. Appx. 934 (Fed. Cir. 2015) ........................................................................ 14, 15, 18

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964) ........................................................................................................ 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 7, 8, 18

*Bay Indus., Inc. v. Tru-Arx Manufacturing, LLC.*,
  No. 06-C-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006) ........................................ 20

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 7, 8, 18

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ...................................................... 9, 10, 11, 14, 16

*Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*,
  2015 WL 3755223 (E.D. Pa. June 15, 2015) ...................... 8, 9, 10, 12, 13, 14, 16

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) .......................................................................................... 9, 12, 15

*Dorman Prod., Inc. v. Paccar, Inc.*,
  201 F. Supp. 3d 663 (E.D. Pa. 2016) ............................................................................... 17

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................................... 8, 9, 14

*Edwards v. A.H. Cornell & Son, Inc.*,
  610 F.3d 217 (3d Cir. 2010) ............................................................................................... 7

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ........................................................................................... 7, 8

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) .......................................................................................... 9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) .......................................................................................... 9, 12, 13

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
  615 F.3d 159 (3d Cir. 2010)...............................................................7

*Hewlett-Packard Co. v. Intergraph Corp.*,
  No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003)................................19

*Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*,
  408 F.3d 1374 (Fed. Cir. 2005)...........................................................17

*Judin v. U.S.*,
  110 F.3d 780 (Fed. Cir. 1997).........................................................2, 20

*Lantiq N. Am., Inc. v. Ralink Tech. Corp.*,
  No. 11-00234, 2011 WL 2600747 (N.D. Cal. June 30, 2011)..............................18

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012)..............................................12, 13, 16

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
  No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ............................13

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
  138 F.3d 1437 (Fed. Cir. 1998)...........................................................17

*Palakovic v. Wetzel*,
  854 F.3d 209 (3d Cir. 2017)...............................................................7

*Prism Techs., LLC v. AT&T Mobility, LLC*,
  No. 8:12-CV-122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012).............................19

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007), *overruled on other grounds*, *Halo Elecs., Inc.*
  *v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) ......................................17

*Swierkiewicz v. Sorema NA.*,
  534 U.S. 506 (2002)......................................................................20

*Thomas v. Independence Twp.*,
  463 F.3d 285 (3d Cir. 2006)..............................................................20

*Zimmer Surgical, Inc. v. Stryker Corp.*,
  No. 16-679-RGA-MPT, 2017 WL 1296026 (D. Del. Apr. 6, 2017) ......................13

**Statutes**

35 U.S.C. § 271(a) ......................................................................10

35 U.S.C. § 271(b) ....................................................................2, 8

35 U.S.C. § 271(c) ...................................................................2, 9, 16

35 U.S.C. § 287 ........................................................................6, 7, 12

**Rules**

Fed. R. Civ. P. 8(a)(2) .................................................................7, 8

Fed. R. Civ. P. 11 ...........................................................................20

Fed. R. Civ. P. 12(b)(2) ....................................................................3

Fed. R. Civ. P. 12(b)(6).............................2, 3, 10, 11, 14, 16, 18, 21

Fed. R. Civ. P. 12(e) ................................................3, 19, 20, 21

# I.     INTRODUCTION

Progme's 65-page amended complaint might qualify as voluminous, but it is devoid of substance.  The vast majority of the pages are filled with what appears to be computer code copied from third-party websites like "community.cablelabs.com" (*see, e.g.*, pp. 35-36, 38-48, 54-60) and "docjar.com" (*see, e.g.*, pp. 50-53).  Notably, as to four of the six counts against Comcast Cable, there is no allegation linking the third-party computer code to Comcast Cable or any Comcast Cable instrumentality – the complaint simply points to the third-party code and states that Comcast Cable infringed when supposedly implementing this code in its "cable television networks, services and transmission systems."  Nowhere does the complaint state a single fact supporting any notion that Comcast Cable even knew about the third-party code let alone implemented it; nowhere does the complaint in any way attempt to explain what this third-party code has to do with Comcast Cable.

Even after Comcast Corporation (the named defendant in the original complaint) raised much of the same deficiencies in its motions with respect to the first complaint and even after Progme was given the opportunity to amend the complaint, it did not materially change its allegations as to indirect or willful infringement, or its direct-infringement claims in Counts III-VI, in a manner that would provide Comcast Cable with any notice as to which of its instrumentalities Progme is accusing.  And far from providing clarification, Progme has further confused the matter by injecting NBCUniversal Media, LLC ("NBCU") – an entity independent of Comcast Cable – as an allegedly properly-joined defendant.

As to all allegations of indirect infringement against Comcast Cable, aside from repeating the boilerplate phrase "inducement and/or contributory infringement" in connection with various third-party computer code, the amended complaint nowhere identified any element of

inducement or contributory infringement, let alone alleged any fact that could support such elements. The same is true for the prayer for a finding of willful infringement. Therefore, as to the direct-infringement allegations in Counts III-VI and as to all charges of indirect and willful infringement, Progme's amended complaint still fails to "meet the minimum standards imposed by [Fed. R. Civ. P.] 11." *Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (reversing trial court's denial of defendant's sanction motion, finding an abuse of discretion where plaintiff's lawyer did not make a "reasonable effort to ascertain whether the accused devices satisfied" patent claims).

Specifically, pursuant to Fed. R. Civ. P. 12(b)(6), Progme's amended complaint failed to state a claim upon which relief can be granted for (1) induced infringement under 35 U.S.C. § 271(b); (2) contributory infringement under 35 U.S.C. § 271(c); and (3) willful infringement. Progme failed to allege any third-party direct infringement, a prerequisite to charging Comcast Cable with inducing or contributing to such direct infringement. Progme further failed to allege any facts regarding Comcast Cable's pre-suit knowledge of the asserted patent, a required element not only of pre-suit allegations of inducement and contributory infringement but also of willful infringement. Furthermore, though specific intent is a required element of inducing infringement, Progme failed to allege specific intent, let alone identify any fact related to such intent. And Progme failed to identify, let alone plead any facts tending to show, a component of the invention for which there are no noninfringing substitutes, a prerequisite to properly pleading contributory infringement. For the reasons provided, this Court should therefore dismiss all of Progme's claims of indirect and willful infringement for failing to state a claim upon which relief can be granted.

Furthermore, as to Progme's claims of Comcast Cable direct infringement in Counts III-VI, Progme failed to lay out any fact associating Comcast Cable with the allegedly infringing activity. Instead, Progme appears to have merely copied computer code from third-party websites and then, with no factual basis or support, simply states that Comcast Cable and NBCU "jointly, severally, or alternatively in their respective cable television networks, services and transmission systems" infringed because of the copied code. But Progme nowhere identified, for either defendant, what accused instrumentality the code relates to or where it is used in the "cable television network." Therefore, the direct-infringement claims in these Counts should be dismissed under Fed. R. Civ. P. 12(b)(6). And as there can be no indirect or willful infringement absent underlying direct infringement, the flaws in Counts III-VI provide a further reason to dismiss Progme's respective indirect-infringement allegations. Alternatively, Comcast Cable moves for an order requiring Progme to provide a more definite statement as to these Counts pursuant to Fed. R. Civ. P. 12(e).

## II.     PROCEDURAL BACKGROUND

Progme originally filed this action against Comcast Corporation and sixteen other defendants, alleging infringement of U.S. patent no. 8,713,425 ("the '425 patent"). (D.I. 1, Attachments 1-3, Ex. A). Progme then dismissed all other defendants but did not amend the complaint to address the many deficiencies that Comcast Corporation described to Progme's counsel prior to filing its motions, forcing Comcast Corporation to prepare and file its motions. (*Id.*, Attachments 6 & 10-11).

Specifically, on February 3, 2016, Comcast Corporation filed a motion under Fed. R. Civ. P. 12(b)(2) or 12(b)(3) to dismiss, or in the alternative, transfer (*id.*, Attachment 10). Comcast Corporation also moved to dismiss Progme's indirect-infringement, willfulness, and certain direct-infringement claims under Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite

statement under Fed. R. Civ. P. 12(e) as to the direct-infringement claims (*id.*, Attachment 11).

On February 17, 2016, the Court afforded Progme "an opportunity to cure the purported pleading defects by granting it leave to file an amended complaint that sufficiently shows that the Court has jurisdiction to decide the matter, and that states a plausible claim for relief." (*Id.*, Attachment 12). The Court also amended the case caption to read only *Progme Corporation v. Comcast Corporation*. (*Id.* at 2). On the same day, Progme amended its complaint to drop Comcast Corporation from the case caption, and to add Comcast Cable and NBCU. (*Id.*, Attachments 13-15). The Court denied Comcast Corporation's motions to dismiss without prejudice, dismissed Comcast Corporation, and amended the case caption on February 24, 2016. (*Id.*, Attachment 22). On March 21, Comcast Cable filed motions to dismiss for failure to state claims of indirect, willful, and certain direct infringement. Concurrently, Comcast Cable moved to transfer for inconvenient venue. (*Id.*, Attachments 34-35).

Judge Murphy of the U.S. District Court for the Eastern District of Michigan granted Comcast Cable's motion to transfer on March 29, 2017. (*Id.*, Attachment 59). On May 19, 2017, after transfer to this Court, Comcast Cable filed a letter brief identifying law of the Third Circuit and this District under which Comcast Cable's Motions to Dismiss should be granted. (D.I. 16). On May 24, 2017, this Court ordered that the parties file any appropriate motions by June 7, 2017. (D.I. 17).

## III.     FACTUAL BACKGROUND

### A.     Progme's conclusory accusations of indirect and willful infringement fail to identify any direct infringer, pre-suit knowledge of the patent, specific intent, no noninfringing substitutes, or any fact relevant to willfulness.

As to each count against Comcast Corporation in the initial complaint, the entirety of Progme's allegation of indirect infringement was in a single sentence that accused Comcast Corporation of "infringing . . . indirectly by way of inducement and/or contributory infringement

. . . the '425 Patent in this judicial district and elsewhere." (*See id.*, Attachments 1-3 ¶¶ 49, 84, 89, 93 & 98). The counts (and complaint generally) nowhere identified any third party responsible for direct infringement or even implied who such a third party might be – a prerequisite of pleading indirect infringement. In its amended complaint, Progme may have attempted to allege – although it is by no means clear – that another defendant – NBCU – is responsible for *some* limitations of each asserted claim, ostensibly at the supposed direction or control of Comcast Cable (*see, e.g., id.*, Attachments 13-15). If this is what Progme alleged, then the alleged direct infringer would apparently be the combination of both Comcast Cable and NBCU, though Progme nowhere asserts facts plausibly demonstrating that Comcast Cable directed or controlled NBCU. On the other hand, if Progme is instead attempting to name NBCU as a third-party direct infringer for which Comcast Cable is indirectly responsible, this assertion falls well short of plausibility because Progme does not allege that NBCU alone is a direct infringer, let alone supplied any fact supporting an assertion that Comcast Cable is somehow otherwise responsible for that direct infringement.

Additionally, the counts and the complaint in general nowhere mention pre-suit knowledge of the patent – another requirement for pleading pre-suit indirect infringement (whether that indirect infringement is by inducement or contribution). Nor is there sufficient explanation of alleged third-party direct infringement, which is required to plead indirect infringement based on post-filing conduct. And, nowhere in the complaint is there a mention of specific intent or a single fact related to Comcast Cable's supposed intent to induce infringement, a requirement for pleading inducement. Furthermore, the counts, and complaint generally, make no mention of any component of a claimed apparatus that has no substantial noninfringing use – a pleading requirement of contributory infringement. And nowhere in the complaint is there a

single fact relevant to a charge that any Comcast Cable infringement was willful.  Instead, the complaint simply includes a "prayer for relief" in the form of "treble damages for willful infringement."  (*Id.*, ¶¶ 123.C).

**B.     Progme asserted that Comcast Cable had constructive notice of the patent based on patent marking on a website but nowhere alleged that Comcast Cable accessed the website or even knew of the existence of Progme or its patent before the complaint.**

The amended complaint nowhere alleged that Comcast Cable had actual knowledge of the patent – a prerequisite of pleading pre-suit indirect infringement and willfulness.  It only alleged that Comcast Cable had constructive *notice* (as opposed to knowledge) of the patent.  Such alleged notice is based on Progme's supposed marking of "the patent number . . . on the PrintHD.TV home page (located at www.printhd.tv) web page."  (*Id.*, ¶ 115).  The complaint stated that such "labelling at the bottom of the page [provided] constructive notice thereof pursuant to 35 U.S.C. § 287."  (*Id.* ¶ 115; *see also* ¶¶ 116 & 118).  Notably, however, the complaint included no allegation that Comcast Cable had actually viewed any such web page or even knew of the existence of Progme or its web page, PrintHD.TV, let alone the patent-in-suit.

**C.     Counts III-VI merely identified source code from a third-party and stated that, based on the code, Comcast Cable and another defendant directly infringed – without any factual allegation linking the third-party code to any Comcast Cable instrumentality.**

Progme alleged four counts against Comcast Cable, contending that Comcast Cable and NBCU infringed based on computer code found on a third-party website ("community.cablelabs.com" in Counts III, IV, VI and "docjar.com" in Count V), without ever identifying a factual link between the computer code and Comcast Cable.  (*See* D.I. 1, Attachments 13-15, ¶¶ 88, 95, 103, 111).

Progme also failed to specify in these counts any Comcast Cable instrumentality that implemented the computer code, instead broadly referring to Comcast Cable's "cable television

networks, services and transmission systems" (Counts III-V) and "cable television upnp Home Network systems, services and devices" (Count VI). (*See id.*).

## IV.    ARGUMENT

### A.    Applicable Law

Progme's claims against Comcast Cable for indirect and willful infringement of the '425 patent as to all counts should be dismissed because they fail to allege facts sufficient to state a plausible claim for relief under the standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The same is true for the claims of direct infringement in Counts III-VI.

Although a complaint need not recite detailed factual allegations, Progme's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Palakovic v. Wetzel*, 854 F.3d 209, 219 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). In other words, "it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed conduct]." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010) (internal quotation marks omitted).

Moreover, the Third Circuit requires a two-step analysis in evaluating pleadings. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010). First, a court must separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, it

should determine whether the well-pled facts sufficiently show that the plaintiff has a "plausible claim for relief." *Id.* at 211. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded. *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A claim has facial plausibility when the plaintiff pleads factual content allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210 (citing *Iqbal*, 556 U.S. at 678). The plausibility standard asks for more than a "sheer possibility" of liability. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Turning to the substantive claims, to plausibly allege induced infringement, a plaintiff must plead specific facts showing: (1) that the defendant had knowledge of, or willful blindness to, the existence of the patent-in-suit; (2) that the defendant engaged in affirmative acts to induce a third party to perform acts (*e.g.*, by persuading, leading, or influencing); (3) that the defendant knew (or was willfully blind to the fact) that such acts constituted infringement of the patent; (4) that the defendant acted with specific intent to cause such infringement; and (5) that the defendant's actions resulted in third-party direct infringement. *Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*, 2015 WL 3755223, at *5 (E.D. Pa. June 15, 2015); *see* 35 U.S.C. § 271(b); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303, 1306 (Fed. Cir. 2006). The

Supreme Court recently reaffirmed the requirement for knowledge of the patent for inducement, stating that induced infringement "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (citing *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011)).

Pleading contributory infringement requires specific factual allegations showing: (1) direct infringement by a third party; (2) that the defendant had knowledge of the patent; (3) that a component provided by the defendant has no substantial noninfringing use; (4) that the component be a material part of the invention; and (5) that the defendant knew that the combination for which its component was especially designed was both patented and infringing. *Bonutti Skeletal Innovations*, 2015 WL 3755223, at *10; *see* 35 U.S.C. § 271(c); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Global-Tech.*, 131 S. Ct. at 2067; *Commil*, 135 S. Ct. at 1926.

For example, as to inducement, the Federal Circuit stated, "[t]o survive [a] motion to dismiss, [the complaint] must contain facts plausibly showing that [the defendant] specifically intended [a third party] to infringe . . . and knew that the [third party's] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012). "[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Id.* (internal quotation marks omitted). And "[t]o state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337.

Turning to the direct-infringement allegations against Comcast Cable, such claims require allegations plausibly showing that *Comcast Cable* performed some act of infringement, not that some third party had computer code that, if implemented by Comcast Cable, would result in direct infringement. 35 U.S.C. § 271(a).

**B.** **The Court should dismiss Progme's allegations of indirect infringement under Fed. R. Civ. P. 12(b)(6) because the complaint nowhere identifies a direct infringer or pleads other required elements for inducement or contributory infringement.**

**1.** **<u>Progme's failure to plead facts identifying, or at least implying the existence of, a third-party direct infringer is fatal to its indirect-infringement claims because there can be no indirect infringement if no direct infringement.</u>**

A complaint alleging indirect infringement must recite specific facts supporting an inference that a third party directly infringed the asserted patent. *Bonutti Skeletal Innovations*, 2015 WL 3755223, at *10; *see also Bill of Lading*, 681 F.3d at 1335 (holding that plaintiff must plead at least "facts sufficient to allow an inference that at least one direct infringer exists"). Though accusing Comcast Cable of inducing and contributing to infringement, the complaint nowhere identified any directly-infringing third party or set forth a single fact from which the identity of such a third party could be inferred for indirect-infringement purposes.[1] For example, in Count I, the complaint alleged that Comcast Cable directly infringed the patent, that Comcast Cable deployed "servlets," and that Comcast Cable has and continues to infringe based on the servlets. (D.I. 1, Attachments 13-15, ¶¶ 39-72). While mentioning the words "inducement and/or contributory infringement," the Count nowhere identified the identity of any direct infringer other than Comcast Cable. (*See id.*). Count II alleged that Comcast Cable directly

---

[1] In its amended complaint, Progme may have attempted to allege – although it is by no means clear – that another defendant – NBCU – is responsible for some limitations of each asserted claim, apparently at the direction or control of Comcast Cable (*see, e.g.*, D.I. 1, Attachments 13-15, ¶¶ 5, 17). If this is the case, the complaint is woefully deficient.

infringes the patent, incorporates the CMB code and servlets mentioned in Count I, alleged that Comcast Cable has committed and continues to commit infringement, and mentioned the phrase "inducement and/or contributory infringement." (*Id.* ¶¶ 74-80). Similarly, for Counts III-VI, the complaint identified Comcast Cable as a direct infringer, stated either that Comcast Cable committed and continues to commit acts of infringement or has been and is now infringing the '425 patent, mentioned the phrase "inducement and/or contributory infringement," and referred to various computer code portions apparently copied into the complaint from third-party websites. (*Id.* ¶¶ 82-88 (Count III), ¶¶ 90-95 (Count IV), ¶¶ 97-103 (Count V), & ¶¶ 105-111 (Count VI)). But nowhere is there, by word or implication, any reference to any third-party direct infringer.

Progme's failure to plead any fact, let alone sufficient facts, to identify a third-party direct infringer, or to at least support an inference that a direct infringer other than Comcast Cable even existed, is fatal to all of its indirect-infringement claims against Comcast Cable. Therefore, all of Progme's indirect-infringement claims should be dismissed for failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See Bill of Lading*, 681 F.3d at 1335 ("To state a claim for indirect infringement," plaintiff must at least plead "facts sufficient to allow an inference that at least one direct infringer exists").

        2.      **Alternatively, Progme's failure to plead that Comcast Cable had actual knowledge of the patent before the complaint, or to sufficiently explain the alleged infringement in the complaint, is fatal to Progme's indirect-infringement claims.**

Progme's indirect-infringement allegations do not distinguish between Comcast Cable's alleged indirect infringement occurring before the complaint was filed and indirect infringement allegedly occurring after the complaint was filed. However, because the complaint fails to allege

pre-suit knowledge of the patent-in-suit and provide a sufficient explanation of the alleged infringement, all indirect-infringement allegations should be dismissed.

First, as to alleged pre-suit infringement, those allegations should be dismissed because the complaint includes no allegations of pre-suit knowledge of the patent. Indirect infringement based on either inducement or contributory infringement requires knowledge of the patent-in-suit. *Commil*, 135 S. Ct. at 1926 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)). To allege indirect infringement, this District also requires specific facts supporting at least an inference that the defendant knew of the existence of the asserted patent at the time of the alleged infringement. *Bonutti Skeletal Innovations*, 2015 WL 3755223, at *8-9, 10; *see also MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 229 (D. Del. 2012) (citations omitted) (granting defendants' motion to dismiss indirect-infringement claims for failing to "plead sufficient facts . . . for the Court to infer that the defendants had knowledge of [the plaintiff's] patent . . . .").

The allegations in the amended complaint merely related to constructive *notice* (not knowledge) by marking a website with the patent number. Such allegations do not satisfy the requirement to plead actual knowledge. (D.I. 1, Attachments 13-15, ¶ 115); *see Global-Tech*, 131 S. Ct. at 2068 (finding that either actual knowledge or willful blindness required for "knowledge" element); *see also MONEC*, 897 F. Supp. 2d at 232 n.6 (stating that "actual (*not constructive*) knowledge . . . necessary to state a claim for indirect infringement . . . under *Global-Tech*, unless the patentee is claiming willful blindness").[2] The knowledge requirement must be met by a showing of either actual knowledge or willful blindness – but constructive

_____

[2] Providing notice of a patent under 35 U.S.C. § 287 relates to damages, not liability. Constructive notice by marking a product with a patent number has nothing to do with "knowledge" of the patent to support indirect-infringement claims.

notice (such as by marking a website with a patent number) is not enough. *Global-Tech*, 131 S.

Ct. at 2068; *see also MONEC*, 897 F. Supp. 2d at 232 n.6 (stating that "actual (*not constructive*)

knowledge of the patent-in-suit is necessary to state a claim for indirect infringement . . . under

*Global-Tech*, unless the patentee is claiming willful blindness") (emphasis added).

Progme's original and amended complaint nowhere included any allegation that Comcast

Cable had actual knowledge of the patent or was willfully blind to the existence of the patent

before service of the complaint. Therefore, at a minimum, this Court should dismiss each of

Progme's *pre-filing* indirect-infringement claims of inducement and contributory infringement.

*See Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679-RGA-MPT, 2017 WL 1296026, at *7

(D. Del. Apr. 6, 2017) ("Defendants' motion to dismiss the claim for contributory infringement

should be granted regarding their conduct prior to filing of the complaint . . . .").

Progme also alleges indirect infringement based on Comcast Cable's conduct supposedly

occurring *after* the complaints were filed. This District has held that knowledge of the patent-in-

suit can arise from service of a complaint. *Bonutti Skeletal Innovations*, 2015 WL 3755223, at

*8. When basing knowledge of the patent-in-suit on service of a complaint, however, the

complaint must also include: (1) a sufficient explanation as to how the accused products and

methods infringe the asserted patent when used by third parties; and (2) specific facts showing

how the defendant is inducing third parties to use those products (for induced infringement) and

that the defendant knew that its customers' acts constituted infringement (for induced and

contributory infringement). *Id.* at *8, *10; *see also Neology, Inc. v. Kapsch Trafficcom IVHS,*

*Inc.*, No. 13-2052-LPS, 2014 WL 4675316, at *5, *7 (D. Del. Sept. 19, 2014) (concluding that

the court could not plausibly infer that defendant had sufficient post-suit knowledge of the

infringing conduct where complaint failed to explain how accused products infringed when used

by third parties).  But Progme's complaint includes none of this; it fails to even identify a third-party infringer ─ let alone allege how the third party's products or services infringe, how Comcast Cable induces that infringement, or how Comcast Cable knew of the infringement.

As a result, Progme's pre-filing and post-filing allegations of indirect infringement do not meet the pleading standard in *Bonutti Skeletal Innovations* and should be dismissed.

### 3. Progme's inducement claims should also be dismissed because Progme failed to plead specific intent or that Comcast Cable knew that any third-party act constituted direct infringement.

Progme also failed to satisfy pleading requirements for all of its induced-infringement claims because the amended complaint nowhere alleged any specific intent to induce infringement.  As explained above, one element of inducement requires specific intent to cause direct infringement by another.  *DSU*, 471 F.3d at 1306.  Progme's amended complaint, however, nowhere even used the word "intent" let alone included a single fact that could somehow support an allegation that Comcast Cable specifically intended to induce direct infringement.  (D.I. 1, Attachments 13-15, ¶¶ 39-72 (Count I), ¶¶ 74-80 (Count II), ¶¶ 82-88 (Count III), ¶¶ 90-95 (Count IV), ¶¶ 97-103 (Count V), & ¶¶ 105-111 (Count VI)).  While mentioning the phrase "inducement and/or contributory infringement" in each count, the complaint nowhere included a single intent-related allegation or fact.

"To survive [a] motion to dismiss, [the complaint] must contain facts plausibly showing that [a defendant] specifically intended [a third party] to infringe the [patent] and knew that the [third party's] acts constituted infringement."  *Bill of Lading*, 681 F.3d at 1339 (citing *DSU*, 471 F.3d at 1306 (Fed. Cir. 2006)); *Bonutti Skeletal Innovations*, 2015 WL 3755223, at *9 (dismissing induced infringement claim).  The Federal Circuit recently affirmed a decision that dismissed inducement allegations very similar to those alleged here under Fed. R. Civ. P. 12(b)(6).  *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. Appx. 934, 935

(Fed. Cir. 2015). In *Carpenter*, the complaint included a conclusory allegation that the defendants induced infringement without pleading a single intent fact. In affirming the dismissal, the Federal Circuit found that the complaint "contains no allegations regarding intent or any specific acts caused by Defendants" as to induce infringement. *Id.* at 938. The Federal Circuit concluded, "[t]o state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement." *Id.* (citing *Commil*, 135 S. Ct. at 1926).

The Federal Circuit further affirmed the district court's decision denying the plaintiff's motion to amend its complaint regarding indirect infringement because the proposed amended complaint merely concluded that the defendants acted "with specific intent to urge, instruct, encourage" infringement by "causing[,] urging, aiding, or instructing others to perform one or more claimed methods of the . . . patent, and acts which infringe one or more claims of the . . . patent," and that the defendants acted "with specific intent to induce third parties to infringe the . . . patent." *Id.* The Federal Circuit noted that aside from reciting the legal conclusion that the defendants acted with specific intent, the amended complaint "did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Id.*

Here, Progme's claims do not even reach the level of the insufficient pleadings of *Carpenter*. Progme's amended complaint continues to assert merely that Comcast Cable has been and is now "infringing, directly and indirectly by way of inducement and/or contributory infringement." (*See, e.g.*, D.I. 1, Attachments 13-15, ¶ 39). Not only has Progme failed to plausibly set forth its claims of indirect infringement, it does not even include the word "intent," a requirement of pleading inducement. As in *Carpenter*, this Court should dismiss all of

Progme's inducement claims against Comcast Cable under Fed. R. Civ. P. 12(b)(6).  *See also*

*MONEC*, 897 F. Supp. 2d at 234 (citations omitted) (finding claim failed to establish requisite

intent where it asserted conclusory allegation that each defendant "induced and will continue to

contribute to and/or induce the infringement of the [patent] by others").

> **4.**  **The Court should also dismiss each contributory-infringement claim because Progme's pleadings failed to allege that any "component" of any patented invention was unsuitable for substantial noninfringing use.**

The Court should dismiss Progme's contributory-infringement claim under Fed. R. Civ.

P. 12(b)(6) because the amended complaint nowhere identified any "component" of an invention,

let alone alleged that such component was not suitable for any substantial noninfringing use

under 35 U.S.C. §271(c).  In pertinent part, contributory infringement may hold liable anyone

who sells or offers to sell "a component of a patented machine, manufacture [or] combination"

that is "especially made or especially adapted for use in an infringement" so long as the

component is not "suitable for substantial noninfringing use."  35 U.S.C. § 271(c).  A pleading

for contributory infringement is deficient if it does not include facts plausibly supporting an

inference that any identified "component" has no "substantial noninfringing use."  *Bill of Lading*,

681 F.3d at 1337 ("To state a claim for contributory infringement . . . a plaintiff must, among

other things, plead facts that allow an inference that the components sold or offered for sale have

no substantial non-infringing uses."); *Bonutti Skeletal Innovations*, 2015 WL 3755223, at *10

(dismissing contributory-infringement claim).  Because Progme's amended complaint fails to

identify any alleged "component" of a patented invention, let alone allege that such unidentified

component has no substantial noninfringing use, this Court should dismiss each of Progme's

claims for contributory infringement for this alternate reason.

**C. Progme's failure to plead pre-suit knowledge of the patent is fatal to its willful infringement claims.**

While not mentioning willful infringement in any of its counts of infringement, Progme's complaint includes a "prayer for relief" in the form of "treble damages for willful infringement." (D.I. 1, Attachments 13-15, ¶ 123.C). But as with indirect infringement, to properly plead a claim for willful infringement, Progme was required to allege pre-suit knowledge of the patent. Courts in this District have required that willful infringement allegations, such as knowledge of the asserted patent, must be based on pre-filing conduct. *Dorman Prod., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016) ("Absent evidence of pre-filing willful infringement, a patentee . . . may not base a claim for willful infringement solely on the infringer's post-filing conduct."). And as also explained above, the complaint nowhere included any allegation, or fact that could plausibly support an allegation, that Comcast Cable had knowledge of the patent before this suit was filed. Constructive notice by marking a website does not rise to actual knowledge as "the issue of willfulness turns on the actual knowledge of the infringer, and is unrelated to the adequacy of constructive notice by the patentee." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998); *see also Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005) (stating that "[c]onstructive notice, as by marking a product with a patent number, is insufficient to trigger this duty") (citing *Nike*, 138 F.3d at 1446).

"[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007), *overruled on other grounds*, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935-36 (2016). Because there is no allegation of, or facts demonstrating, pre-

suit knowledge of the patent, this Court should dismiss any claim for willful infringement under

Fed. R. Civ. P. 12(b)(6).

**D.**    **The Court should dismiss Progme's claims for direct infringement in Counts III-VI because the Counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing.**

Progme's claims for direct infringement in Counts III-VI should be dismissed because

they fail to comply with even the bare-bone assertions required by the now-defunct Form 18, let

alone allege facts sufficient to state a plausible claim for patent infringement under *Twombly* and

*Iqbal*.  To plead direct infringement, controlling Federal Circuit law requires that "[t]here must

be some allegation of specific services or products of the defendants which are being accused" to

"put Defendants on notice as to what activity, method, or procedure is alleged to infringe."

*Carpenter*, 620 Fed. Appx. at 937.  In each of these counts, Progme copied what appears to be

computer code from third-party websites and then accuses Comcast Cable of infringement based

on the code.  (*See* D.I. 1, Attachments 13-15, ¶¶ 88, 95, 103, 111).  But the counts nowhere state

what the third-party code has to do with Comcast Cable or allege a single fact that could support

the notion that Comcast Cable implemented the code anywhere in its "cable television networks,

services and transmission systems."  Progme comes nowhere close to pleading facts sufficient to

put Comcast Cable on notice of its specific allegedly infringing instrumentalities.  *See*

*Carpenter*, 620 Fed. Appx. at 937 (affirming dismissal of the plaintiff's complaint).

Alleging that Comcast Cable infringed through its "cable television network" without

providing a "more specific identification of the [instrumentalities]" fails to put Comcast Cable on

notice of what Progme accuses of infringement.  *See Lantiq N. Am., Inc. v. Ralink Tech. Corp.*,

No. 11-00234, 2011 WL 2600747, at *6-7 (N.D. Cal. June 30, 2011) (finding that broad

categories of products listed – including, for example, access point, router, Ethernet, network

interface controller, universal serial bus (USB), peripheral component interconnect (PCI), PCI express (PCle); and/or 802.11x products – failed to put defendant on notice absent "more specific identification of the products in any given category that are allegedly infringing"); *Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (finding that allegations of infringement by "software and hardware products" failed to provide "fair notice" where defendant "produces some 150 core technology platforms which are implemented in over 4000 end-user application products"); *Prism Techs., LLC v. AT&T Mobility, LLC*, No. 8:12-CV-122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (finding that allegation of infringement by "various wireless products and data services" was "considerably more generic" than "electric motor" in Form 18, and so vague that it failed to provide adequate notice to defendant as to how it allegedly infringes). Based on the allegations made in Progme's complaint, Comcast Cable is unable to discern what instrumentalities are accused of infringement.[3]  For this reason, this Court should dismiss Progme's claims pursuant to 12(b)(6) for failure to state a claim for which relief can be granted.

**E.    Alternatively, the Court should order a more definite statement as to Progme's claims for direct infringement in Counts III-VI because the Counts do not identify which specific Comcast Cable instrumentalities are allegedly infringing.**

In the event the Court determines that Progme's direct-infringement claims in Counts III-VI should not be dismissed, Comcast Cable requests, pursuant to Fed. R. Civ. P. 12(e), that Progme be required to provide a more definite statement of its direct-infringement allegations. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."

---

[3]As there can be no indirect or willful infringement absent underlying direct infringement, the flaws in Counts III-VI provide a further reason to dismiss Progme's respective indirect-infringement allegations.

*Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002). This is appropriate where a party's initial pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In the United States Court of Appeals for the Third Circuit, this rule is particularly useful and should be utilized when applicable. *Thomas v. Independence Twp.*, 463 F.3d 285, 299, 301 (3d Cir. 2006) ("The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool . . . to obtain the factual basis underlying a plaintiff's claim for relief."). Such a motion is particularly appropriate when, as here, "a complaint . . . does not disclose the facts underlying a plaintiff's claim for relief" and "the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense." *Id.* at 301.

In *Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*, the United States District Court for the Eastern District of Wisconsin aptly explained its reasoning in a patent case for requiring a more definite statement to include the identification of the allegedly infringing product or products. No. 06-C-1010, 2006 WL 3469599, at *2 (E.D. Wis. Nov. 29, 2006). First, it was unreasonable to require defendant "to compare its approximately 40 products to at least 20 claims of the [patent] in order to formulate a response." *Id.* Second, an allegedly infringing product or other limiting parameter would focus discovery such that plaintiff would not seek discovery of defendant's entire line of products. *Id.* "Finally, requiring that plaintiff identify the product or products that allegedly infringe its patent insures that plaintiff has a proper basis for bringing suit in the first place" consistent with Fed. R. Civ. P. 11. *Id.*; *see also Judin*, 110 F.3d at 784. The same policy concerns apply here where Comcast Cable should not be required to compare the entirety of its "cable television networks, services and transmission systems" to the patent's claims; should not be forced to incur unnecessary discovery costs; and should be satisfied that there is a proper basis for the lawsuit.

Here, for all of the reasons detailed above, Progme's allegations are so vague and conclusory as to frustrate Comcast Cable's efforts to prepare a responsive pleading and a meaningful defense. Accordingly, Progme should, at a minimum, be ordered to provide a more definite statement as to these claims.

## V.    CONCLUSION

The Court should dismiss Progme's induced, contributory, and willful infringement claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court should also dismiss claims of direct infringement alleged in Counts III-VI of the complaint, for failing to state a claim under Fed. R. Civ. P. 12(b)(6). Alternatively, the Court should require Progme to provide a more definite statement as to alleged direct infringement in Counts III-VI under Fed. R. Civ. P. 12(e).


Dated: June 7, 2017                                    Respectfully submitted,

                                                       */s/ Daniel J. Goettle*
                                                       Daniel J. Goettle (02933)
                                                       Jeffrey W. Lesovitz (016072006)
                                                       Stephanie M. Papastephanou (316227)
                                                       BAKER & HOSTETLER LLP
                                                       2929 Arch Street, Cira Centre, 12th Floor
                                                       Philadelphia, PA 19104-2891
                                                       Telephone:  215.568.3100
                                                       Facsimile:   215.568.3439

                                                       Attorneys for Defendant
                                                       COMCAST CABLE COMMUNICATIONS, LLC
                                                       dgoettle@bakerlaw.com
                                                       jlesovitz@bakerlaw.com
                                                       spapastephanou@bakerlaw.com

**CERTIFICATE OF SERVICE**

       I, Stephanie M. Papastephanou, hereby certify that on June 7, 2017, a copy of Comcast Cable Communications, LLC's Memorandum In Support of Comcast Cable Communications, LLC's Motion to Dismiss Progme's Indirect-Infringement & Willfulness Claims Under Fed. R. Civ. P. 12(B)(6), and to Dismiss Certain Direct-Infringement Claims Under Fed. R. Civ. P. 12(B)(6) or, Alternatively, For a More Definite Statement Under Fed. R. Civ. P. 12(E) was served upon counsel at the address and in the manner indicated:

**ELECTRONIC MAIL**

David A. Reams
LAW OFFICE OF DAVID A. REAMS, P.C.
208 Clair Hill Drive
Rochester Hills, MI 48309
248-376-2840
Email: godreams@juno.com

John Wesley Scott
Stephen J. Kastenberg
BALLARD SPAHR LLP
1735 Market Street, 51st FL
Philadelphia, PA 19103
215-864-8635
Email: scottj@ballardspahr.com
Email: kastenberg@ballardspahr.com

Frank A. Mazzeo
RYDER LU MAZZEO & KONIECZNY LLC
808 Bethlehem Pike
Suite 200
Colmar, PA 18915
215-997-0248
Email: fmazzeo@ryderlu.com

Eric A. Buresh
Michelle L. Marriott
Mark C. Lang
ERISE IP P.A.
6201 College Blvd.
Suite 300
Overland Park, KS 66211
913-777-5600
Email: eric.buresh@eriseip.com
Email: michelle.marriott@eriseip.com
Email: mark.lang@eriseip.com

*/s/ Stephanie M. Papastephanou*