**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PROGME CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMCAST CABLE COMMUNICATIONS, | : | CIVIL ACTION NO. 17-1488 |
| LLC, and NBCUNIVERSAL MEDIA, LLC | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## <u>MEMORANDUM OF LAW</u>

Stephen J. Kastenberg
John W. Scott
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500

Michelle L. Marriott
Eric A. Buresh
Mark C. Lang
ERISE IP, P.A
6302 College Blvd, Suite 300
Overland Park, KS 66211
913.777.5600

*Attorneys for Defendant
NBCUniversal Media, LLC*

# T<small>ABLE OF</small> C<small>ONTENTS</small>

I.   INTRODUCTION ................................................................................. 1

II.   FACTUAL BACKGROUND ........................................................... 2

III.   ARGUMENT ..................................................................................... 6

  A.  Applicable Legal Standards ..................................................... 6

  B.  Progme's Claims Against NBCU Are Barred By *Res Judicata*, And Should Be Dismissed In Their Entirety.................................................. 7

  C.  Progme Fails to Plausibly Allege Infringement By NBCU, Warranting Dismissal Of All Claims Against NBCU. .................................. 12

  D.  Progme Fails to Plausibly Allege Indirect Infringement By NBCU, And Its Claims for Induced and Contributory Infringement Should Be Dismissed... 14

  E.  Progme's Willful Infringement Request Is Factually And Legally Unsupported, Requiring Dismissal. ............................................ 17

  F.  To The Extent Any Claims Remain, Progme Should Be Required To Provide A More Definite Statement Of Its Claims Against NBCU............................ 18

IV.   CONCLUSION ............................................................................... 19

<u>Cases</u>

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ------------------------------------------------13

*Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) ---------------------------------------6, 12

*Baker v. Pa. Econ. League, Inc. Retirement Income Plan*,
   811 F. Supp. 2d 1136 (E.D. Pa. 2011)----------------------------------------------- 6

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ---------------------------------- 6

*Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*,
   No. CIV.A. 14-6650, 2015 WL 3755223 (E.D. Pa. June 15, 2015) ---------- 16, 17

*Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015) ----------------------15

*Di Loreto v. Costigan*, 600 F. Supp. 2d 671 (E.D. Pa. 2009) ------------------------- 6

*Dorman Prod., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663 (E.D. Pa. 2016) ---------18

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) -----------------------14

*Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060 (2011)------------------15

*Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139 (3rd Cir. 2007)---------------- 8

*Haines & Kibblehouse, Inc. v. Balfour Beatty Constr., Inc.*,
   553 F. App'x 246 (3rd Cir. 2014) -------------------------------------------------- 8

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923 (2016) ----------18

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
   681 F.3d 1323 (Fed. Cir. 2012)----------------------------------------------15, 16, 17

*In re Plastic Cutlery Antitrust Litig.*, 1998 WL 314655
   (E.D. Pa. June 15, 1998)---------------------------------------------------------- 7, 9

*In re Seagate Technology, LLC,* 497 F.3d 1360 (Fed. Cir. 2007) --------------------18

*Iqbal*, 556 U.S. at 678 ---------------------------------------------------------------- 6

*Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658 (E.D. Pa. 2012)--------------------- 8

*M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156 (3rd Cir. 2010)--------------- 8

*Mayer v. Belichick*, 605 F.3d 223 (3rd Cir. 2010)------------------------------------ 7

*Phillips v. Transunion, LLC*, 2012 WL 1439088 (E.D. Pa. Apr. 25, 2012) --------- 9

*Swierkiewicz v. Sorema NA.*, 534 U.S. 506 (2002)-----------------------------------19

*Trustees of Univ. of Pennsylvania v. St. Jude Children's Research Hosp.*,
  982 F. Supp. 2d 518 (E.D. Pa. 2013) ---------------------------------------------------- 18

*Tyler v. O'Neill*, 52 F. Supp. 2d 471 (E.D. Pa. 1999) ------------------------------- 7, 8

*Vacanti v. Apothaker & Assocs., P.C.*, No. CIV.A. 09-5827,
  2010 WL 4702382 (E.D. Pa. Nov. 12, 2010) ----------------------------------------- 7

*Williams v. City of Allentown*, 25 F. Supp. 2d 599 (E.D. Pa. 1998) ----------------- 11

<u>RULES</u>

8 Del. C. 266(h) ----------------------------------------------------------------------- 10

Fed. R. Civ. P. 12(b)(6) ------------------------------------------------------ 6, 8, 14, 18

Fed. R. Civ. P. 12(e) ----------------------------------------------------------------- 18, 19

# I. INTRODUCTION

This lawsuit represents the second time that Progme Corporation ("Progme") has sued NBCUniversal Media, LLC ("NBCU") for infringement of U.S. Patent No. 8,713,425 ("the '425 patent"). The first time, Progme dismissed its claims against NBCU and 15 other defendants ***with prejudice***. Then, months later, Progme filed its First Amended Complaint ("FAC"), which purports to re-allege the same claims of infringement of the '425 patent against NBCU that it previously dismissed with prejudice. Progme's claims against NBCU are barred by *res judicata*, and its attempt to re-raise claims that it fully and finally dismissed is legally and factually baseless.

Even assuming, *arguendo*, that Progme's claims against NBCU were not barred, the FAC fails to plausibly allege infringement by NBCU. While voluminous, the FAC does not identify any NBCU product or service that is accused of infringement, let alone provide any facts that would support an infringement claim. None of the allegations relate to any actions taken by NBCU, or products or services provided by NBCU. Progme cites to various portions of third-party computer code, yet never alleges facts that would plausibly suggest that the code is implemented in any NBCU product or service. Nor does the FAC recite any facts to support its conclusory allegations of induced and contributory infringement – claims that require (at a minimum) the identification of a direct infringer, pre-suit knowledge of the patent and/or alleged infringement, and specific intent required to induce

infringement. The same is true for willful infringement, which is not specifically alleged or factually supported at all, yet is included in the Prayer for Relief. Progme's claims fail for this reason, too, and should be dismissed.

Should the Court not dismiss Progme's claims in their entirety, NBCU moves for an order requiring Progme to provide a more definite statement regarding its claims pursuant to Fed. R. Civ. P. 12(e).

## II.    FACTUAL BACKGROUND

On November 9, 2015, Progme filed its original "Complaint For Patent Infringement" in the Eastern District of Michigan, alleging infringement of the '425 Patent. Dkt. 001-1. Progme later filed its FAC, also in the EDMI. Dkt. 001-13. The case was transferred to this Court on March 29, 2017. Dkt. 001-59.

Among the 17 named defendants in Progme's original Complaint was "NBCUniversal, Inc., 30 Rockefeller Plaza, New York, NY 10112." *Id.* Before any of the defendants responded to the Complaint, Progme filed a "Notice of Dismissal of Defendants and Action Against Defendants Pursuant to FRCP 41(a)(1)(A)(i)," in which it dismissed all of the named defendants except Comcast – including NBCUniversal, Inc. – ***with prejudice***:

> **NOTICE IF HEREBY GIVEN**, pursuant to FRCP 41(a)(1)(A)(i), by Progme Corporation, through its counsel, that the entire above-captioned action is dismissed with prejudice against Defendants (all except Comcast Corporation) Amazon.com, Inc., Bright House Networks. LLC, CSC Holdings LLC, Charter Communications Inc., HP Inc., Hulu, LLC, iHeartMedia, Inc., Jelli, Inc., Katz Media, Inc., NBCUniversal, Inc., Netflix, Inc., Samsung Electronics America, Inc., SeaChange International, Inc., The Walt Disney Company, The Weather Channel, Inc. and Time Warner Cable Inc., only, each party being responsible to bear its own costs and attorney fees.

Dkt. 001-6 (Notice of Dismissal filed November 25, 2015).

Despite its dismissal of NBC Universal, Inc. with prejudice, Progme filed its FAC on February 17, 2016, which re-asserts claims of infringement of the '425 patent against NBCU – this time listed as "NBCUniversal Media, LLC, 30 Rockefeller Plaza, New York, NY 10112." Dkt. 001-13. While the corporate entity names appear to be different, NBC Universal, Inc. and NBCUniversal Media, LLC are one in the same. On January 28, 2011, NBC Universal, Inc. was formally converted from a corporation to a limited liability company called NBC Universal Media, LLC, which subsequently changed its name to NBCUniversal Media, LLC, all through public documents filed with the Delaware Secretary of State:

# *Delaware*

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE CORPORATION UNDER THE NAME OF "NBC UNIVERSAL, INC." TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "NBC UNIVERSAL, INC." TO "NBC UNIVERSAL MEDIA, LLC", FILED IN THIS OFFICE ON THE TWENTY-EIGHTH DAY OF JANUARY, A.D. 2011, AT 8:30 O'CLOCK A.M.

Exhibit A (Certificate of Conversion of NBC Universal, Inc. to NBC Universal Media, LLC, and Certificate of Amendment changing "NBC Universal Media, LLC" to "NBCUniversal Media, LLC"). In other words, both NBC Universal, Inc. and NBCUniversal Media, LLC refer to the same legal corporate entity.

Progme's FAC similarly refers to "NBCUniversal, Inc." and "NBCUniversal Media, LLC" interchangeably, alleging, for example, that NBCUniversal Media, LLC received "actual notice" of the patent through "service" of Progme's Notice of Dismissal of NBCUniversal, Inc. Dkt. 001-13 ¶ 120. Additionally, Progme alleges that the "Federal Communications Commission approved Defendant Comcast's acquisition of Defendant NBCU in FCC MB Dkt. 10-56" (Dkt. 001-13 ¶4), when in fact that FCC document was referring to NBC Universal, Inc. because the document issued before the conversion and name change. Exhibit B (*In the Matter of Comcast Corporation, General Electric Company, and NBC Universal, Inc.*, FCC

4

Memorandum Opinion & Order ("FCC Order") at 2-3 (defining NBC Universal, Inc. as "NBCU")).

In addition to the corporate entity issues, Progme's FAC also does not contain any facts identifying the features of NBCU products or services that allegedly infringe the patent. The FAC claims appear to concern allegations based primarily on computer code found on third-party websites ("github.com" in Count I and II, "community.cablelabs.com" in Counts III, IV, VI and "docjar.com" in Count V). *See* Dkt. 001-13, ¶¶ 42, 60-71, 76, 88, 95, 103, 111. The FAC, however, fails to connect NBCU with this third-party code. While the Amended Complaint broadly references NBCU's "cable television networks, services and transmission systems" (counts I-V) and "cable television upnp Home Network systems, services and devices" (count VI), it never identifies a particular NBCU system that Progme contends is purportedly using the third-party code or committing any allegedly-infringing activity. *See* Dkt. 001-13.

Progme's allegations regarding induced and contributory infringement are even more sparse. The FAC repeats the conclusory allegation that NBCU has committed infringement "directly and indirectly by way of inducement and/or contributory infringement" (*see, e.g.,* Dkt. 001-13 39, 53, 55, 60-72, 74-75, *et seq.*), but never alleges any facts to plausibly support any of the elements required for inducement or contributory infringement. And as to willful infringement, the FAC does not contain any legal or factual allegations at all, but instead requests "treble

5

damages for willful infringement" in the Prayer for Relief. Dkt. 001-13 at p. 63.

## III.  ARGUMENT

### A.  Applicable Legal Standards

Defendant NBCU moves for dismissal of the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). "The purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the legal sufficiency of a complaint." *Di Loreto v. Costigan*, 600 F. Supp. 2d 671, 680 (E.D. Pa. 2009). For the Court to deny a motion to dismiss, "the Complaint must allege facts sufficient to 'raise a right to relief above the speculative level.'" *Baker v. Pa. Econ. League, Inc. Retirement Income Plan*, 811 F. Supp. 2d 1136, 1141 (E.D. Pa. 2011) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In other words, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009)). While the Court presumes the truth of all well-pled factual assertions, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Di Loreto*, 600 F. Supp. 2d at 680-81. Thus, under *Iqbal* and *Twombly*, a complaint must "plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 556. Due to the abrogation of Form 18 of the Federal Rules of Civil Procedure on December 1, 2015, this pleading standard applies to claims of both direct and indirect infringement.

While consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings, "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Tyler v. O'Neill*, 52 F. Supp. 2d 471, 474 (E.D. Pa. 1999), *aff'd sub nom. Tyler v. O'Neil*, 225 F.3d 650 (3rd Cir. 2000). Specifically, public documents such as "submitted Certificates of Incorporation, Certificate[s] of Amendment and Corporate Information printout[s] from the Delaware Secretary of State [are] public records which may be considered in a 12(b)(6) analysis." *In re Plastic Cutlery Antitrust Litig.*, 1998 WL 314655, at *3 (E.D. Pa. June 15, 1998). Additionally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider…undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3rd Cir. 2010).

### B. Progme's Claims Against NBCU Are Barred By *Res Judicata*, And Should Be Dismissed In Their Entirety.

Progme's dismissal of its claims of infringement of the '425 patent against NBCU with prejudice legally precludes its attempt to re-assert them in the FAC, requiring dismissal of NBCU from this action. A "voluntary dismissal with prejudice operates as a final judgment on the merits" that bars further action between the parties. *Vacanti v. Apothaker & Assocs., P.C.*, No. CIV.A. 09-5827, 2010 WL 4702382, at *4 (E.D. Pa. Nov. 12, 2010). Claim preclusion, *i.e.*, a bar to relitigating that which could have been or was brought before, is an affirmative defense that can

be raised through a motion brought under Fed. R. Civ. P. 12(b)(6). *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3rd Cir. 2010); *see also Tyler v. O'Neill*, 52 F. Supp. at 473-74.

The test for claim preclusion under Third Circuit law is 1) whether there has been a final judgment on the merits in a prior suit; 2) whether the prior suit involves the same parties or their privies; and 3) whether the subsequent suit is based on the same causes of action. *Haines & Kibblehouse, Inc. v. Balfour Beatty Constr., Inc.*, 553 F. App'x 246 (3rd Cir. 2014), *aff'd sub nom. Haines & Kibblehouse, Inc. v. Balfour Beatty Constr., Inc.,* 553 F. App'x 246 (3rd Cir. 2014); *see also Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 667–68 (E.D. Pa. 2012), *aff'd*, 518 F. App'x 99 (3rd Cir. 2013). The traditional concept of privity has been "pragmatically expanded" and will be applied "whenever 'there is a close or significant relationship between successive defendants.'" *Jackson*, 902 F. Supp. 2d at 670–71 (internal citations omitted) (finding privity exists between a parent and subsidiary). In its broadest sense, privity has been defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 149 (3rd Cir. 2007) (internal citation and quotations omitted). Further, claim preclusion operates as a bar to issues decided in the first proceeding, and also "issues that could or should have been litigated in the first proceeding." *Haines*, 789 F. Supp. 2d at 629.

The facts of this case warrant dismissal of the FAC against NBCU. *First*, Progme's voluntary dismissal with prejudice operated as a final judgment on the merits as to NBCU. *Phillips v. Transunion, LLC*, 2012 WL 1439088, at *6 (E.D. Pa. Apr. 25, 2012) ("A voluntary dismissal with prejudice operates as a final judgment on the merits [of the case]"). The Notice of Dismissal filed by Progme unequivocally dismissed the "entire" action against NBCU "with prejudice":

> **NOTICE IF HEREBY GIVEN**, pursuant to FRCP 41(a)(1)(A)(i), by Progme Corporation, through its counsel, that the entire above-captioned action is dismissed with prejudice against Defendants (all except Comcast Corporation) Amazon.com, Inc., Bright House Networks. LLC, CSC Holdings LLC, Charter Communications Inc., HP Inc., Hulu, LLC, iHeartMedia, Inc., Jelli, Inc., Katz Media, Inc., NBCUniversal, Inc., Netflix, Inc., Samsung Electronics America, Inc., SeaChange International, Inc., The Walt Disney Company, The Weather Channel, Inc. and Time Warner Cable Inc., only, each party being responsible to bear its own costs and attorney fees.

Dkt. 001-6.

*Second*, the FAC involves the same parties, or their privies, as the original Complaint. Progme is the named plaintiff in both complaints, and NBCU – which was formerly known as NBC Universal, Inc. and legally converted to NBCUniversal Media, LLC – is the named defendant in both complaints. Ex. A (Certificate of Conversion[1]). Pursuant to the Delaware Code section governing conversions,

---

[1]    The Certificate of Conversion, a record of the Delaware Secretary of State, is properly considered as a matter of public record in deciding a motion to dismiss. *In re Plastic Cutlery Antitrust Litig.*, 1998 WL 314655 at *3. "Such certificate of the Secretary of State shall be prima facie evidence of the conversion by such

9

"[w]hen a corporation has been converted to another entity or business form pursuant to this section, the other entity or business form shall, for all purposes of the laws of the State of Delaware, *be deemed to be the same entity* as the corporation." 8 Del. C. 266(h) (emphasis added). Accordingly, NBC Universal, Inc. and NBCUniversal Media, LLC are the same entity.[2]

Progme's pleadings confirm the same understanding. Progme's original complaint and FAC both accuse the same provision of content by NBCU of infringement. *Compare* Dkt. 001-1 ¶ 77, 78 (alleging NBC Universal, Inc. of infringement through "program signals representative of predetermined program material") *with* Dkt. 001-13 ¶ 53 (alleging same allegations against NBCUniversal Media, LLC). The FAC further refers to NBC Universal, Inc. and NBCUniversal Media, LLC interchangeably as "NBCU." For example, the FAC alleges that the "Federal Communications Commission approved Defendant Comcast's acquisition of Defendant NBCU in FCC MB Dkt. 10-56." Dkt. 001-13 ¶ 4. Yet "Defendant NBCU" is defined in the FAC as NBCUniversal Media, LLC, whereas the FCC Order specifically related to NBC Universal, Inc. *Compare* Dkt. 001-13 *with* Exhibit B at 2 (FCC Order). Additionally, the FAC alleges that NBCUniversal Media, LLC

---

corporation out of the state of Delaware." 8 Del. C. § 266(d).

[2]     Further, to the extent there is any meaningful distinction between NBC Universal, Inc. and NBCUniversal Media, LLC (and there is not), NBCUniversal Media, LLC would be a "successor in interest to a party in the prior action," and thus would be a privy of NBC Universal, Inc.

received "actual notice" of the patent through service of Progme's previous Notice of Dismissal of NBC Universal, Inc. Dkt. 001-13 ¶ 120. Progme's decision to treat NBC Universal, Inc. and NBCUniversal Media, LLC as the same entity in the FAC is not only consistent with the legal effect of the conversion, but it evidences Progme's understanding that both actions involve the same party.

*Finally*, the FAC is based on the same causes of action as the prior suit. When determining whether the subsequent suit is based on the same causes of action as the original suit, the Third Circuit focuses on the purpose behind the doctrine of res judicata, rather than adhering to a strict test. *Williams v. City of Allentown*, 25 F. Supp. 2d 599, 604 (E.D. Pa. 1998). This means, "[t]he court should look to whether the acts complained of and the demand for relief are the same; whether the theory of recovery is the same; whether the witnesses and documents necessary at trial are the same; and whether the material facts alleged are the same." *Id.*

Both complaints allege infringement of the '425 patent. *Compare* Dkt. 001-1 at 1-2 ("Plaintiff Progme Corporation ('Progme') files this Complaint for patent infringement against [Defendants] for infringement of U.S. Patent No. 8,713,425 ("'425 Patent") pursuant to 35 U.S.C. 271.") *with* Dkt. 001-13 at 1 ("Plaintiff Progme Corporation ('Progme') files this FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT against [Defendants] for infringement of U.S. Patent No. 8,713,425 ("'425 Patent")). Both complaints allege direct infringement and indirect infringement. *Compare, e.g.,* Dkt. 001-1 ¶ 110(A) *with* Dkt. 001-13 ¶

123(a).  And both complaints contain substantially similar factual allegations.  *Compare, e.g.,* Dkt. 001-1 ¶ 87 *with* Dkt. 001-13 ¶ 88; Dkt. 001-1 ¶ 90 *with* Dkt. 001-13 at ¶ 91; Dkt. 001-1 ¶ 94 *with* Dkt. 001-13 ¶98; Dkt. 001-1 ¶ 99 *with* Dkt. 001-13 ¶ 106.  Therefore, because the issues raised in both complaints are the same, the subsequent suit is based on the same causes of action.

Based on all of the foregoing, the test for claim preclusion is fully satisfied, and as a result Progme's claim against NBCU is barred by the doctrine of *res judicata* and, therefore, should be dismissed in its entirety.

**C.  Progme Fails to Plausibly Allege Infringement By NBCU, Warranting Dismissal Of All Claims Against NBCU.**

Progme's infringement allegations, to the extent they can be understood, appear to have nothing to do with NBCU.  The FAC does not allege any facts to indicate that any NBCU product or service is allegedly infringing any claim of the '425 patent.  At best, it alleges that some third-party computer code may be infringing, but at no point does it allege any facts to suggest that NBCU is making, using, or selling that third-party computer code.  *See* Dkt. 001-13, ¶¶ 42, 60-71, 76, 88, 95, 103, 111.  Because a claim for patent infringement requires an allegation that the defendant "makes, uses, offers to sell, or sells" a patented invention without authority, and the FAC does not allege any facts to suggest that NBCU is doing so, Progme's claim against NBCU is not facially plausible and should be dismissed.  35 U.S.C. § 271(a); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The FAC claims appear to concern allegations based primarily on computer code found on third-party websites ("github.com" in Count I and II, "community.cablelabs.com" in Counts III, IV, VI and "docjar.com" in Count V).  *See* Dkt. 001-13, ¶¶ 42, 60-71, 76, 88, 95, 103, 111.  The FAC, however, fails to connect NBCU with this third-party code.  While the Amended Complaint broadly references NBCU's "cable television networks, services and transmission systems" (counts I-V) and "cable television upnp Home Network systems, services and devices" (count VI), it never identifies a particular NBCU system that Progme contends is purportedly using the third-party code or committing any allegedly-infringing activity.  *See* Dkt. 001-13.

In addition to being facially implausible, Progme's FAC is so general and unspecific that it fails to put NBCU on notice of its specific allegedly infringing instrumentalities or activities.  *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 937 (Fed. Cir. 2015) ("[t]here must be some allegation of specific services or products of the defendants which are being accused" to "put Defendants on notice as to what activity, method, or procedure is alleged to infringe").  Alleging that NBCU infringed through its "cable television networks, services and transmission systems" falls far short of the specificity required.  That phrase could refer to any aspect of the creation, processing, editing, or distribution of television content – essentially the entirety of NBCU's cable television business – and thus

does not approach the level of specificity required to put NBCU on notice of the particular features of the products or services that allegedly use the accused software code or otherwise infringe. The facial deficiencies and implausibility of Progme's claims against NBCU require dismissal pursuant to Fed. R. Civ P. 12(b)(6).[3]


### D. Progme Fails to Plausibly Allege Indirect Infringement By NBCU, And Its Claims for Induced and Contributory Infringement Should Be Dismissed.

The FAC is devoid of any legal or factual allegations to support Progme's claims against NBCU for induced and contributory infringement (collectively, "indirect infringement"). Each of these claims has specific elements that must be plausibly alleged to state a claim. Induced infringement requires (1) direct infringement by another; (2) knowledge of the patent; and (3) specific intent to cause the direct infringer to perform acts knowing that the acts constituted infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303, 1306 (Fed. Cir. 2006). Contributory infringement requires: (1) direct infringement by another, (2) knowledge of the patent, (3) knowledge that the acts of another were infringing, (4) that a component provided by the accused contributory infringer have no substantial non-infringing uses; and (5) that the component be a material part of the invention.

---

[3] As there can be no indirect or willful infringement absent underlying direct infringement, these deficiencies also require dismissal of Progme's indirect infringement allegations.

*Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2067-68 (2011). To survive a motion to dismiss, a complaint must contain facts plausibly alleging these elements. For example, as to inducement, "[the complaint] must contain facts plausibly showing that [the defendant] specifically intended [a third party] to infringe . . . and knew that the [third party's] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012). In addition to knowledge of the patent and the alleged infringing acts, a complaint for contributory infringement must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* at 1337. The FAC fails to allege facts to support any of these elements.

As a preliminary matter, indirect infringement claims require "direct infringement by another," and to plausibly plead a claim for induced or contributory infringement, a plaintiff must identify the direct infringer. *In re Bill of Lading*, 681 F.3d at 1335 ("To state a claim for indirect infringement," plaintiff must at least plead "facts sufficient to allow an inference that at least one direct infringer exists"). The FAC does not do so, requiring dismissal.

Indirect infringement claims also require an element of ***intent*** – i.e., that the defendant not only had knowledge of the patent, but also had knowledge of infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (inducement "can only attach if the defendant knew of the patent and knew as well

that 'the induced acts constitute patent infringement"); *Id.* (contributory infringement "requires knowledge of the patent in suit and knowledge of patent infringement"). As demonstrated above, the FAC fails to allege any facts to indicate that NBCU is directly – or indirectly – infringing any claim of the '425 patent. It also contains no suggestion, let alone factual allegations, that NBCU specifically intended to cause infringement by another. *See In re Bill of Lading*, 681 F.3d at 1339 (complaint must "contain facts plausibly showing that [defendant] specifically intended [a third party] to infringe the [patent] and knew that the [third party's] acts constituted infringement"). While Progme alleges that NBCU had "actual notice" as of the filing of the original Complaint, the Notice of Dismissal, and the filing of the FAC (Dkt. 001-13 ¶¶ 119-121), none of these documents contain any factual allegations to indicate that NBCU has committed any infringement, or had the requisite specific intent to cause third party infringement. While post-filing knowledge of a patent is *potentially* sufficient for purposes of alleging indirect infringement, there must be more than conclusory allegations to support such a theory. *See Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*, No. CIV.A. 14-6650, 2015 WL 3755223, at *8 (E.D. Pa. June 15, 2015) ("conclusory allegations that do not explain to [defendant] how its products and methods infringe the Asserted Patents, or how it is inducing third parties to use those products and methods in an infringing manner" not sufficient). Here, Progme does not allege that NBCU possesses the requisite specific intent that accompanies an induce infringement claim – e.g., that NBCU

provide instructions to use a product in an infringing manner. *Id*. at *9. Therefore, Progme's claims of indirect infringement – whether based on pre- or post-filing notice – should be dismissed.

Progme's contributory infringement claim further fails because it is silent on two additional required limitations: that a component provided by the accused contributory infringer have no substantial non-infringing uses, and that the component be a material part of the invention. The FAC does not identify a "component" of an invention at all, and further fails to address the substantial non-infringing use and materiality elements. *In re Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.").

For all of these reasons, the FAC fails to plausibly allege induced or contributory infringement, requiring dismissal.

### E. Progme's Willful Infringement Request Is Factually And Legally Unsupported, Requiring Dismissal.

The FAC does not plead a "claim" for willful infringement, but nevertheless requests "treble damages for willful infringement." Dkt. 11 ¶ 123.C. However, willful infringement "requires more than simple awareness of the patent and awareness of the infringement" and only extends to accused infringer's actions that are "willful, wanton, malicious, [or in] bad faith." *Dorman Prod., Inc. v. Paccar,*

*Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016), *as amended* (Oct. 17, 2016) (quoting *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1932 (2016)). Progme fails to allege any facts that would plausibly support a claim that NBCU had awareness of the asserted patent or any alleged infringement, let alone that any of NBCU's actions were willful, wanton, malicious or in bad faith and its claim should be dismissed. In addition, any claim of willful infringement based on post-suit notice similarly fails because Progme did not seek a preliminary injunction. *See Trustees of Univ. of Pennsylvania v. St. Jude Children's Research Hosp.*, 982 F. Supp. 2d 518, 531 (E.D. Pa. 2013) ("Post filing knowledge of a patent is not sufficient to support a claim for willful infringement and particularly where, as here, plaintiff does not seek a preliminary injunction.") (citing *In re Seagate Technology, LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007)). As explained above, the FAC contains no allegations or facts that could plausibly support a willful infringement claim. Because there is no allegation of, or facts demonstrating, pre-suit knowledge of the patent, this Court should dismiss any claim for willful infringement under Fed. R. Civ. P. 12(b)(6).

**F.    To The Extent Any Claims Remain, Progme Should Be Required To Provide A More Definite Statement Of Its Claims Against NBCU.**

In the event the Court determines that the FAC should not be dismissed, NBCU requests, pursuant to Fed. R. Civ. P. 12(e), that Progme be required to provide a more definite statement of its infringement allegations. "If a pleading fails

to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002). This is appropriate where a party's initial pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). For all of the reasons detailed above, Progme's allegations are so vague and conclusory as to frustrate NBCU's efforts to prepare a responsive pleading and a meaningful defense. Accordingly, NBCU respectfully requests that Progme should, at a minimum, be ordered to provide a more definite statement as to these claims.

## IV. CONCLUSION

The Court should dismiss Progme's claims against NBCU in their entirety because they are barred by *res judicata* in view of Progme's dismissal with prejudice. Additionally, the Court should dismiss Progme's claims against NBCU for failure to plausibly allege a claim for direct, induced, contributory, or willful infringement. Alternatively, to the extent any claims remain against NBCU, the Court should require Progme to provide a more definite statement as to its claims to allow NBCU to prepare a meaningful defense.

Dated:  June 7, 2017

Respectfully submitted,

BALLARD SPAHR, LLC

By: */s/ Stephen J. Kastenberg*
Stephen J. Kastenberg
John W. Scott
BALLARD SPAHR LLP
1735 Market Street, Fl 51
Philadelphia, PA 19103-7599
Telephone: 215-655-8500

Eric A. Buresh
Michelle L. Marriott
Mark C. Lang
ERISE IP, P.A.
6201 College Blvd, Suite 300
Overland Park, KS 66211
Telephone:  913.777.5600
Facsimile: 913.777.5601

***Attorneys for Defendant NBC
UNIVERSAL MEDIA, LLC***