UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROGME CORPORATION,<br><br>                    Plaintiff,<br>vs.<br><br>NBCUNIVERSAL MEDIA, LLC, et al.,<br><br>                    Defendant. | Case No. 2:17-cv-01488<br><br>District Judge Gerald A. McHugh |

**NBCU'S REPLY IN SUPPORT OF MOTION TO DISMISS
PROGME CORPORATIONS'S FIRST AMENDED COMPLAINT
UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY,
FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)**

Progme's claims against Defendant NBCUniversal Media, LLC ("NBCU") are barred by *res judicata*. Progme does not dispute that its original Complaint involved the same patent and claims as the First Amended Complaint ("FAC"), or that its Notice of Dismissal of the original Complaint was a final decision. Dkt. 28-1 at 3, 4 (agreeing that Notice of Dismissal "is the final judgment on the merits"). The only issues disputed by Progme are (1) whether its new FAC constitutes a "second action" because it was filed under the same case number, and (2) whether the First Amended Complaint involves the same parties, or their privies, as the original Complaint. And as to those issues, both the law and the facts operate to bar Progme's attempt to re-sue NBCU for claims it has already dismissed with prejudice.

**I. PROGME'S CLAIM AGAINST NBCU IS BARRED BY *RES JUDICATA*.**

**A. Applicable Law**

NBCU's motion briefed the issue of *res judicata* according to the law of this Court and the Third Circuit. Dkt. 21-1. Progme asserts in its response that "Michigan law" regarding *res judicata* applies because "the preclusive effect of prior cases are determined by the law of the prior

1

forum." Dkt. 28-1 at 4. Having further considered the issue, NBCU agrees that the law of the prior forum should apply, but notes that the applicable law is of the federal court in the Eastern District of Michigan, not Michigan state law as Progme suggests. *See Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3rd Cir. 1999) (recognizing that "that the law of the issuing court - here, federal law - determines the preclusive effects of a prior judgment"); *see also Doe v. Hesketh*, 828 F.3d 159, 171 (3rd Cir. 2016) ("When examining the preclusive effect of a prior federal court determination, we apply federal law principles of collateral estoppel."). Prior to the transfer of this case from the Eastern District of Michigan to this Court, NBCU and Progme fully briefed the *res judicata* issue under the law of the Eastern District of Michigan. *See* Dkt. 001-36 (motion), 001-45 (response), 001-54 (reply).

The test under the law of the Eastern District of Michigan, however, is substantively identical to the test under the law of this Court, and requires the same elements: "(1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions." *Heike v. Central Michigan Univ. Bd. of Trustees*, 573 Fed.App'x. 476, 480 (6th Cir. 2014) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). Accordingly, the analysis reflected in NBCU's motion in this Court (Dkt. 21-1) as well as in the Eastern District of Michigan (Dkt. 001-36) applies.

**B. This Is A "Second Action" Raising The Same Issue Actually Litigated In The First Action.**

Progme argues "[b]ecause this final judgment decided on the merits is in a case with the same case number" as the FAC claim against NBCU, "this judgment was not rendered in a 'prior action.'" Dkt. 28-1 at 3-4. In support, Progme cites *Peterson Novelties, Inc. v. City of Berkley*, a

2

legally-inapplicable Michigan state case that does not support Progme's assertion, but instead notes that "Michigan law defines res judicata broadly . . ." 259 Mich. App. 1, 11 (2003).

Progme is wrong. Claim preclusion bars "successive litigation of the very same claim" by the same parties. *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). The technical form of such "successive litigation" – whether it is within the same case, in a new case, or otherwise – does not matter. To be sure, the test is whether a "second action" attempts to relitigate the same issues as a "first action." *Heike*, 573 Fed.App'x. at 480. Because Progme concedes that its "Notice of Dismissal" was a final decision on the merits, anything following a final decision on the merits as to the same party would necessarily be a "second action." A separate "case number" is not legally required, nor would such a rule make sense or serve the interests of justice.

**C. Both Actions Involve The Same Parties – Progme and NBCU.**

Progme sued and dismissed its claim against NBCUniversal, Inc. (no space) in the Eastern District of Michigan, and then filed the FAC suing NBCUniversal Media, LLC – which was previously legally incorporated as NBC Universal, Inc. (space) – on the same claim. As set forth in NBCU's motion, the entities sued in both actions are the same. Progme does not dispute that, factually, NBC Universal, Inc. and NBCUniversal Media, LLC are the same entity.

In an attempt to circumvent its own dismissal with prejudice, Progme now claims (and its attorney swears) that it *meant* to sue a "non-entity" – NBCUniversal, Inc. – in the Eastern District of Michigan, and that it *meant* to dismiss its claim only as to that non-entity. Dkt. 28-1 at 6-8; Dkt. 28-3 (declaration from attorney Reams stating that he "intended to name NBCUniversal, Inc. as a party Defendant to be dismissed with prejudice"). This is nonsensical and, if accepted, would indicate that Progme and its counsel *meant* to file a frivolous lawsuit against a non-existent entity (and dismissal) in violation of Federal Rule of Civil Procedure 11, which requires that a pleading signed by an attorney certifies that it is "not being presented for any improper purpose," that the

3

"factual contentions have evidentiary support," and that the claims "are warranted by existing law or by a nonfrivolous argument." Moreover, it is entirely conclusory, as Progme never proffers an explanation as to **why** it omitted the space between "NBC" and "Universal" in its original Complaint, or discusses any due diligence that it undertook in identifying the proper entity names of the parties it intended to sue.

Instead, the entire factual record points to different conclusion – that Progme intended and believed that it was suing and dismissing its claim against NBCU – including both the former and current incarnations of NBCU – with prejudice. Progme uses the same physical address for "NBCUniversal, Inc." in the original Complaint as it does for "NBCUniversal Media LLC" in the FAC. *Compare* Dkt. 001-1 *with* Dkt. 001-13. Progme certified that it sent a copy of its original Complaint against "NBCUniversal, Inc." to Kimberley Harris, who is General Counsel of (currently-named defendant) NBCUniversal Media, LLC. Dkt. 001-1 at p. 98; *see also* Dkt. 4 at 2. Progme refers to both names – "NBCUniversal, Inc." in the original Complaint, and "NBCUniversal Media, LLC" in the FAC – uniformly as "NBCU." Even now, Progme alleges that NBCU "received actual notice" of the '425 patent through "service of Progme's Notice of Dismissal" of NBCUniversal, Inc., an ***admission*** that Progme equates "NBCUniversal, Inc." with NBCU. Dkt. 001-13 ¶ 120; *see also* Dkt. 28-1 at 9-10 (Progme arguing that "Defendant NBCU's notice or knowledge of the existence of the '425 patent ***from a prior suit*** is sufficient for induced infringement knowledge").

By all accounts, Progme's argument rests simply on a typographical error (i.e., the omission of a space), identified only in hindsight and after seeing the case-dispositive arguments in NBCU's Motion to Dismiss. Practically and legally, however, a typo does not override an adjudication on the merits. To the contrary, a "little common sense goes a long way to show that the complaint contains a mere misnomer." *Hemphill Contracting Co. v. U.S.*, 34 Fed. Cl. 82, 86 (1995) (finding

that plaintiff's abbreviation of "Company" to "Co." in case caption was a mere misnomer).[1] A misnomer identified "only in retrospect" cannot disturb a judgment in favor of a party when, "under the circumstances, it is clear that it was [defendant] which the plaintiff sought to hold liable, regardless of its legal status." *Fluoro Elec. Corp. v. Branford Assoc.*, 489 F.2d 320, 325 (2nd Cir. 1973) (amending judgment to reflect defendant's proper name, when judgment recited corporate name that "never existed")[2]; *see also Marshall Feature Recognition, LLC v. Wendy's Int'l, Inc.*, No. 14-CV-865, 2015 WL 6083245, at *3 (N.D. Ill. Oct. 15, 2015) ("What is clear is that Marshall's drafting and review of the complaint was shoddy. . . . Furthermore, there is no evidence that the party described in the complaint and the real party in interest are not substantively one in the same."). Applying this consistent judicial philosophy, Progme's inadvertent omission of a space when naming NBCU as a defendant does not impact the claim preclusive effect of Progme's dismissal of NBCU with prejudice.

Regardless, the NBCU named in Progme's original Complaint is a "privy" to the NBCU named in its FAC. Because privity extends to a successor in interest or a nonparty in a prior action, principles of claim preclusion "do not always require one to have been a party to a judgment in order to be bound by it." *Richards v. Jefferson Cnty*, 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed. 2d 76 (1996). Giving credit to Progme's clear intent to raise claims against NBCU in its original Complaint, its express dismissal of those claims with prejudice, its insistence that the prior dismissal put NBCU on notice of the patent, and its agreement that NBC Universal, Inc. and

---

[1] *See also, e.g., Hilgraeve v. Symantec Corp.* 212 F.R.D. 345, 348 (E.D. Mich. 2003) (amending misnomer in party name).

[2] To the extent necessary to clarify the effect of Progme's dismissal against NBCU, the Court could correct Progme's clerical mistake in the Notice of Voluntary Dismissal (Dkt. 001-6), such that "NBCUniversal, Inc." is corrected to "NBC Universal, Inc.," pursuant to Fed. R. Civ. P. 60(a).

NBCUniversal Media, LLC are the same company[3], there should be no question that the test for claim preclusion, which requires the "same parties or their privies," is satisfied. Thus, the Court should grant NBCU's Motion to Dismiss.

## II. PROGME FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT AGAINST NBCU.

Progme's direct infringement claim is not facially plausible and, therefore, should be dismissed. In fact, the allegations appear to have nothing to do with NBCU, and it appears that Progme does not know what its own allegations mean, either. Progme only suggests that Comcast is performing "the first step in said method," and that NBCU is performing "the second step in said method." Dkt. 30-1 at 3. This is not established in the FAC, but even so, it legally fails to state a direct infringement claim against NBCU, which would require facts to plausibly allege that the performance of **all** method steps are attributable to the same defendant. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (2008); Dkt. 30-1 at 14 (Progme noting same). By Progme's own admission, it does not allege – legally or factually – a plausible direct infringement claim. This alone requires dismissal.

Progme suggests that perhaps some theory of liability is available under vicarious liability. Dkt. 30-1 at 10-13. But this is not suggested against NBCU, and in any event there are no factual allegations in the FAC to support such a theory. Progme also hypothesizes regarding a "joint enterprise" between Comcast and NBCU, but the FAC alleges no facts to support this theory and Progme does not cite to any. There are no facts to plausibly allege direct infringement in the FAC.

## III. PROGME CONCEDES IT HAS NO CLAIM FOR INDIRECT INFRINGEMENT AGAINST NBCU.

Without a direct infringer, there can be no indirect infringer. *Aro Mfg. Co. v. Convertible*

---

[3] *See, e.g.* Dkt. 28-1 at 8 (referencing "NBCUniversal Media, LLC (aka NBC Universal, Inc.)").

*Replacement Co*, 365 U.S. 336, 341 (1961). As Progme admits there is no direct infringer, it cannot maintain a claim for induced or contributory infringement. Further, Progme submits in its response that "Comcast is inducing . . . Defendant NBCU to use said second step in said method in the '425 in an infringing manner . . . ." Dkt. 30-1 at 7. This, too, constitutes an admission that no facts plausibly allege indirect infringement by NBCU. And, Progme's allegations remain hopelessly obtuse for all of the reasons explained in NBCU's motion. Dismissal is appropriate.

## IV. PROGME FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT.

Progme's FAC does not plead a "claim" for willful infringement, but instead merely requests "treble damages for willful infringement." Dkt. 001-13 at 18. But in its response to NBCU's motion, Progme does not accuse NBCU of directly infringing or indirectly infringing, and also does not contend that NBCU has willfully infringed. Dkt. 30-1 at 18-19. In fact, Progme all but concedes that NBCU should not be in this lawsuit at all. This makes sense, as Progme has already dismissed NBCU from this lawsuit with prejudice. Regardless, Progme's response confirms that its willful infringement claim fails as a matter of law, and should be dismissed.

## V. CONCLUSION

The Court should grant NBCU's Motion to Dismiss Progme's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: July 18, 2017

Respectfully submitted,

BALLARD SPAHR, LLC

By: */s/ Stephen J. Kastenberg*
Stephen J. Kastenberg
John W. Scott
BALLARD SPAHR LLP
1735 Market Street, Fl 51
Philadelphia, PA 19103-7599
Telephone: 215-655-8500

Eric A. Buresh
Michelle L. Marriott
Mark C. Lang
ERISE IP, P.A.
6201 College Blvd, Suite 300
Overland Park, KS 66211
Telephone: 913.777.5600
Facsimile: 913.777.5601

*Attorneys for Defendant*
*NBCUNIVERSAL MEDIA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that, on this date he caused to be served copies of the Defendant NBCUniversal Media, LLC's Reply in Support of its Motion to Dismiss Progme's Claims Under Fed. R. Civ. P. 12(b)(6), or alternatively, for a More Definite Statement Under Fed. R. Civ. P. 12(e), upon the following opposing counsel via electronic mail, and filed same via the Court's ECF/CM system.

DAVID A. REAMS
LAW OFFICE OF DAVID A. REAMS, P.C.
208 CLAIR HILL DRIVE
ROCHESTER HILLS, MI 48309
248-376-2840
godreams@juno.com

FRANK A. MAZZEO
RYDER LU MAZZEO & KONIECZNY LLC
808 BETHLEHEM PIKE
SUITE 200
COLMAR, PA 18915
215-997-0248
fmazzeo@ryderlu.com

DANIEL J. GOETTLE
JEFFREY W. LESOVITZ
STEPHANIE M. PAPASTEPHANOU
BAKER & HOSTETLER LLP
2929 ARCH STREET, 12TH FLOOR
PHILADELPHIA, PA 19104-2891
215-568-3100
dgoettle@bakerlaw.com
jlesovitz@bakerlaw.com
spapastephanou@bakerlaw.com

By: */s/ John W. Scott*
    John W. Scott

Dated: July 18, 2017