# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PROGME CORPORATION,

                Plaintiff,

    v.

COMCAST CABLE COMMUNICATIONS,
LLC, et al.,

                Defendants.

**Case No. 2:17-cv-01488**

**Judge Gerald A. McHugh**

## COMCAST CABLE COMMUNICATIONS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PROGME'S INDIRECT-INFRINGEMENT & WILLFULNESS CLAIMS UNDER FED. R. CIV. P. 12(B)(6), AND TO DISMISS CERTAIN DIRECT-INFRINGEMENT CLAIMS UNDER FED. R. CIV. P. 12(B)(6) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)

Progme has had plenty of opportunities to fix its complaint, explain what it accuses of infringement, and plead necessary facts to plausibly support its case.  Instead, Progme's opposition to Comcast's motion to dismiss continues Progme's trend of adding volume to the record – and entirely new legal theories such as "joint enterprise" infringement – without shedding any light on most of its direct-infringement allegations, all of its indirect-infringement allegations, and its willfulness charge.

Comcast Cable respectfully requests that the Court grant Comcast's partial motion to dismiss and allow the case to proceed only on Progme's claims of alleged direct infringement based on the accused Comcast Message Bus (CMB) under Counts I and II.

## I.     Progme's opposition demonstrates that it did not plausibly plead any accused instrumentality as to its direct infringement allegations in Counts III-VI.

Progme's opposition fails to properly address Comcast Cable's assertion that Counts III-VI of its first-amended complaint do not identify which Comcast Cable instrumentalities are allegedly infringing.  Mot. (D.I. 20) § IV.D.  Instead, Progme misleadingly states, "Comcast's plea of ignorance as to where and how this code [listed in the first-amended complaint] fits into [its] system . . . cannot be taken seriously by this Court due to the extensive engineering declarations . . . submitted in support of" Comcast Cable's earlier transfer motion.  Pl's Br. (D.I. 30) at 3.  But those engineer declarations were about the accused "Comcast Message Bus (CMB)" of Counts I and II – not about Counts III-VI on which Comcast Cable offered no declaration.  Comcast Cable does not know what Counts III-VI are accusing and therefore could offer no declaration about them.

All Progme's first-amended complaint says is that Progme found some code on the Internet and therefore Comcast infringes.  *See id.* at 4.  But as explained in Comcast Cable's motion, the first-amended complaint nowhere identifies any ***Comcast Cable*** code or any

*Comcast Cable* product implementing the Progme-listed generic code.  Mot. § III.C.

## II.    Progme's opposition, like the first-amended complaint, nowhere identifies any third-party direct infringer to support its indirect-infringement claims in all Counts.

Comcast Cable moved to dismiss Progme's indirect-infringement claims across Counts I-VI because Progme failed to identify any third-party direct infringer.  Mot. § IV.B.1.  In its opposition, Progme may be alleging – for the first time – that NBCU was a third-party direct infringer as to "the method in the '425 Patent."  Pl's Br. at 7 ("Indeed, the above-cited paragraphs provide 1) a sufficient explanation as to how the accused steps in the method in the '425 Patent are infringed when used by Defendant NBCU. . . .").  If that is what Progme is alleging – and it is by no means clear – such allegation is nowhere in the first-amended complaint and therefore is inapposite.  Moreover, if this statement means that NBCU directly infringes by itself, then it is inconsistent with other repeated statements in Progme's opposition and first-amended complaint – to the extent either is understood – that appear to allege that Comcast Cable is responsible for some portions of the asserted claims and NBCU for other portions.  *See, e.g.,* Pl's Br. at 3 ("Progme alleges. . . that Defendant Comcast infringed the first step in said method. . . .  Progme alleges. . . that Defendant NBCU infringed the second step in said method. . ."); *id.* at 4 (alleging that Comcast Cable generates code to satisfy the claimed "generating means" and NBCU encodes and transmits this allegedly infringing code and thereby satisfies the claimed "transmitting means."); *id.* at 9 ("The above-captioned case involves direct infringement within divided infringement with two entities, . . . Comcast and . . . NBCU.").

In any event, this joint-infringement theory cannot support any indirect-infringement charge against Comcast Cable.  Comcast Cable cannot be both a direct infringer with NBCU under a joint infringement theory and also an indirect infringer responsible for that (i.e., its own) direct infringement.  *See, e.g.*, *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1303-04 (Fed. Cir. 2012)

("To support a finding of inducement . . . , the accused infringer must have knowingly and intentionally induced ***another party's*** direct infringement.") (emphasis added).  Additionally, NBCU cannot be the direct infringer in Progme's indirect-infringement claims against Comcast Cable because the first-amended complaint nowhere alleges as much and because Progme's opposition admits that NBCU alone did not perform all steps of the asserted claims.  *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (explaining that there can be no direct infringement when "the performance of all the patent's steps is not attributable to any one person," and "where there has been no direct infringement, there can be no [indirect] infringement"); Pl's Br. at 3 (alleging NBCU only performed "the second step in said method"), 4, 9.

### III.   Progme's opposition nowhere shows that the first-amended complaint plausibly pled other elements of indirect infringement across all Counts.

**Pre-suit knowledge**.  Progme says that it plausibly pled pre-suit knowledge of the patent to support its assertion that it is entitled to alleged pre-suit damages.  Pl's Br. § III.  But it bases such pre-suit damages on Comcast Cable's supposed "constructive notice" of the patent under 35 U.S.C. § 287(a).  *Id.* at 8.  Section 287(a) provides for constructive ***notice*** of direct infringement based on patent marking.  The provision has nothing to do with actual knowledge necessary for a charge of indirect infringement.  Mot. at 12 (citing cases).

**Post-suit knowledge**.  As to post-filing liability, Progme argues that its complaint provided a sufficient explanation as to how the accused products and methods infringe the asserted patent when used by third parties.  Pl's Br. at 7.  That too is incorrect.  The first-amended complaint fails to identify a third-party direct infringer, as explained above, let alone identify products of Comcast Cable that infringe.  As such, Progme cannot rely on the complaint to sustain its post-filing indirect-infringement claims.  *Bonutti Skeletal Innovations*, *LLC v.*

*Globus Med. Inc.*, 2015 WL 3755223, at *8, *10 (E.D. Pa. June 15, 2015).

**Contributory infringement**.  As for Progme's contributory-infringement claims, despite Progme's contention (Pl's Br. § II), the first-amended complaint's allegation that "[t]here is no acceptable non-infringing substitute in Defendant Comcast's cable television system for said infringing activity alleged above" is insufficient.  First, the "infringing activity," which Progme claims refers to as "generating, encoding, and transmitting" certain statements, is not a component, material, or apparatus.  Second, Progme conflates legal principles, confusing evidence of lost profits (absence of "acceptable non-infringing substitutes") with the contributory-infringement standard (no "substantial non-infringing use").  *Compare Nat'l Research Labs. v. Eppert Oil Co., Inc.*, 104 F. Supp. 2d 851, 857 (S.D. Ohio 2000) (lost profits "requires . . . absence of acceptable non-infringing substitutes"), *with In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("To state a claim for contributory infringement . . . a plaintiff must . . . plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.").  Computer code having no acceptable non-infringing substitute (the alleged lost-profits fact), for example, has nothing to do with substantial non-infringing use (the contributory-infringement element not alleged in the first-amended complaint).

**Inducement**.  Comcast Cable's supposed direction or control of NBCU is not "circumstantial evidence" of specific intent to infringe.  Pls. Br. at 8-9.  Progme again conflates two distinct legal theories.  "Direction or control" underlies a theory of direct infringement based on "joint" infringement – where a party may be liable for *direct* infringement when it alone does not meet all elements of the claim so long as it "directs or controls" a third party with respect to the remaining elements.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020,

1022 (Fed. Cir. 2015).  But this theory of direct infringement has nothing to do with inducing infringement.[1]  Moreover, the first-amended complaint nowhere used the word "intent" or alleged a single fact to show that Comcast Cable specifically intended NBCU to infringe, let alone that Comcast Cable knew that any act by NBCU constituted infringement.

**IV.   Progme's opposition nowhere demonstrates that the first-amended complaint adequately pled pre-suit knowledge of the patent for alleged willful infringement.**

To properly plead a claim for willful infringement, Progme was required to allege *pre-suit* knowledge of the patent.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."), *overruled on other grounds*, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935-36 (2016); *Dorman Prod., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016).  Progme incorrectly claims that Comcast Cable's alleged knowledge of the patent through service of the original complaint on Comcast Corporation was sufficient.  Pl's Br. at 18-19.  The service of the original complaint occurred in this lawsuit.  It was not a prior lawsuit and thus did not provide pre-suit knowledge of the patent.

Progme relies on a single case for its argument, but the case is inapposite.  *Id.* at 18 (citing *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568 (D. Del. 2012)).  In *Apeldyn*, the district court found that the defendant had prior knowledge of the patent based on a complaint filed in a completely separate case over three years before the alleged willful infringement.  *Apeldyn*, 852 F. Supp. 2d at 571, 575.  In contrast, regardless of whether Comcast Cable had

---

[1] In fact, Progme spends pages 9-18 of its brief arguing that there allegedly is joint infringement by Comcast Cable and NBCU.  Joint infringement has nothing to do with the issues raised in Comcast Cable's Motion.  Nor was it even adequately pled in the first-amended complaint.  As to Progme's so-called vicarious liability claim (Pl's Br. § IV.A), although the complaint generically refers to Comcast allegedly "directing and controlling" NBCU, it does not allege any facts that would support such an allegation.  And as to Progme's brand-new "joint enterprise" theory (*id.* § IV.B), nowhere does the complaint even use the word "enterprise," let alone include allegations that support that new theory.

knowledge of the patent from the original complaint,[2] that complaint was filed in this case, not a prior one.

For these reasons, the Court should grant the present Motion, and dismiss the indirect and willful infringement claims in all counts and the direct infringement claims in Counts III-VI.

Dated:        July 18, 2017                     Respectfully submitted,

                                                /s/ Daniel Goettle
                                                Daniel J. Goettle
                                                Jeffrey W. Lesovitz
                                                Stephanie M. Papastephanou
                                                BAKER & HOSTETLER LLP
                                                2929 Arch Street
                                                Cira Centre, 12th Floor
                                                Philadelphia, PA  19104-2891
                                                Telephone:   215.568.3100
                                                Facsimile:    215.568.3439
                                                Email: dgoettle@bakerlaw.com
                                                jlesovitz@bakerlaw.com
                                                spapastephanou@bakerlaw.com

                                                Attorneys for Defendant COMCAST CABLE
                                                COMMUNICATIONS, LLC

---

[2] Although unclear, Progme seems to suggest that the lawsuit against Comcast Corporation was somehow a different lawsuit than the present one against Comcast Cable.  Pl's Br. at 18-19.  This, of course, is untrue.  The complaint adding Comcast Cable was an *amended* complaint, not a complaint instituting a new lawsuit.  *See* D.I. No. 1, Attachments 1-3 (original complaint); Attachment 13 (first-amended complaint).  In addition, Progme insists that Comcast Cable had constructive knowledge of the asserted patent through service of the original complaint on its parent, Comcast Corporation (Pl's Br. at 19), which further undermines its position ─ Progme cannot have it both ways.

## CERTIFICATE OF SERVICE

I, Jeffrey W. Lesovitz, hereby certify that on July 18, 2017, a copy of Comcast Cable Communications, LLC's Reply in Support of Its Motion To Dismiss Progme's Indirect-Infringement And Willfulness Claims Under Fed. R. Civ. P. 12(B)(6), And To Dismiss Certain Direct-Infringement Claims Under Fed. R. Civ. P. 12(B)(6), Or Alternatively, For A More Definite Statement Under Fed. R. Civ. P. 12(E) was served upon counsel at the address and in the manner indicated:

**<u>ELECTRONIC MAIL</u>**

David A. Reams
LAW OFFICE OF DAVID A. REAMS, P.C.
208 Clair Hill Drive
Rochester Hills, MI 48309
248-376-2840
Email: godreams@juno.com

John Wesley Scott
Stephen J. Kastenberg
BALLARD SPAHR LLP
1735 Market Street, 51st FL
Philadelphia, PA 19103
215-864-8635
Email: scottj@ballardspahr.com
Email: kastenberg@ballardspahr.com

Frank A. Mazzeo
RYDER LU MAZZEO & KONIECZNY LLC
808 Bethlehem Pike
Suite 200
Colmar, PA 18915
215-997-0248
Email: fmazzeo@ryderlu.com

Eric A. Buresh
Michelle L. Marriott
Mark C. Lang
ERISE IP P.A.
6201 College Blvd.
Suite 300
Overland Park, KS 66211
913-777-5600
Email: eric.buresh@eriseip.com
Email: michelle.marriott@eriseip.com
Email: mark.lang@eriseip.com

/s/ Jeffrey Lesovitz
Jeffrey W. Lesovitz