IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROGME CORPORATION,<br><br>    Plaintiff,<br>    v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC ET AL.,<br><br>    Defendants. | Case No. 2:17-cv-01488<br><br>Judge Gerald A. McHugh |

### DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFF PROGME CORPORATION'S FIRST AMENDED COMPLAINT

Defendant Comcast Cable Communications, LLC ("Comcast Cable") provides the following answers to the First Amended Complaint of Plaintiff Progme Corporation ("Progme") as follows:

### PROGME'S ALLEGATIONS

1.  Comcast Cable lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis, denies such allegations.

2.  Admitted that Comcast Cable is a wholly owned, indirect subsidiary of Comcast Corporation.  Otherwise denied as at least confusing.

3.  Denied as at least moot as to Comcast Cable.  D.I. 35 & D.I. 36 ("NBCUniversal Media, LLC's Motion to Dismiss is GRANTED. All claims against NBCUniversal Media, LLC are DISMISSED in their entirety. . . . Comcast Cable Communications, LLC's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. All claims in Counts III–VI are DISMISSED without prejudice. All claims for induced infringement, contributory infringement, and divided infringement in Counts I and II are DISMISSED without prejudice.").

1

4-18.   Denied as at least moot as to Comcast Cable.  D.I. 35 & D.I. 36.

19.   Admitted that this action purports to arise under the United States patent laws, Title 35, United States Code.  Otherwise denied.

20.   Admitted that subject matter jurisdiction is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Otherwise denied.

21.   Admitted that venue as to Comcast Cable in this action is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1400(b). Otherwise denied.

22.   Admitted that the United States District Court for the Eastern District of Pennsylvania has personal jurisdiction over Comcast Cable in this action.  Otherwise denied.

23.   Admitted that the United States District Court for the Eastern District of Pennsylvania has personal jurisdiction over Comcast Cable in this action.  Otherwise denied.

24-30.   Admitted that venue as to Comcast Cable in this action is proper in the United States District Court for the Eastern District of Pennsylvania.  Otherwise denied.

31.   Admitted that the '425 Patent issued on April 29, 2014, and is entitled "AUDIO/VIDEO PROGRAM-RELATED HYPERLINK PRINTER."  Otherwise denied.

32.   Comcast Cable lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and on that basis, denies such allegations.

33.   To the extent understood, paragraph 33 of Progme's Complaint sets forth conclusions of law to which no response is required.  To the extent further response is required, denied.

34.   To the extent understood, paragraph 34 of Progme's Complaint sets forth conclusions of law to which no response is required.  To the extent further response is required, denied.

35. To the extent understood, paragraph 35 of Progme's Complaint sets forth conclusions of law to which no response is required. To the extent further response is required, denied.

36. To the extent understood, paragraph 36 of Progme's Complaint sets forth conclusions of law to which no response is required. Comcast furthermore lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, and on that basis, denies such allegations.

37. Denied.

38. Comcast Cable incorporates herein by reference its responses to Paragraphs 1-37.

39-72. Denied as to Comcast Cable. *See also* D.I. 35 & D.I. 36.

73. Comcast Cable incorporates herein by reference its responses to Paragraphs 1-72.

74-80. Denied as to Comcast Cable. *See also* D.I. 35 & D.I. 36.

81-111. Denied as moot. D.I. 35 & D.I. 36.

112-115. Denied as to Comcast Cable. *See also* D.I. 35 & D.I. 36.

116. Denied that Comcast Cable infringed the '425 Patent. Comcast Cable lacks knowledge or information sufficient to form a belief as to the truth of other allegations set forth in Paragraph 116, and on that basis, denies such allegations.

117-119. To the extent understood, paragraphs 117-119 of Progme's Complaint each sets forth conclusions of law to which no response is required.

120. To the extent understood, paragraph 120 of Progme's Complaint sets forth conclusions of law to which no response is required.

121. To the extent understood, paragraph 121 of Progme's Complaint sets forth conclusions of law to which no response is required.

122. Denied as to Comcast Cable. *See also* D.I. 35 & D.I. 36.

123. Comcast Cable denies that Progme is entitled to any relief. *See also* D.I. 35 & D.I. 36.

## COMCAST CABLE'S DEFENSES

Comcast Cable asserts the following defenses without undertaking or shifting any applicable burdens of proof, production or persuasion.  In raising such defenses, Comcast Cable does not concede that it bears the burden of proof, production or persuasion as to any of these issues, whether in whole or in part.  Discovery has not been taken and, therefore, Comcast Cable reserves all rights to assert additional defenses, amend, modify, or expand these defenses and to take further positions if and when discovery proceeds in this matter.

## FIRST DEFENSE:  NONINFRINGEMENT

Comcast Cable has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid or enforceable claim of the '425 patent.

## SECOND DEFENSE:  INVALIDITY

One or more of the claims of the '425 patent is invalid or unenforceable for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103 and 112.

## THIRD DEFENSE:  NO RIGHT TO INJUNCTIVE RELIEF

Progme is not entitled to injunctive relief at least because: (1) Progme has not suffered nor will it suffer irreparable harm because of Comcast Cable's conduct; (2) the balance of hardships does not favor Progme; (3) Progme would have an adequate remedy at law if it were to prevail on the merits in this action; or (4) the public interest would not be served by an injunction.

## FOURTH DEFENSE:  UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

1.     The '425 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office (USPTO).

2.      During prosecution of the '425 patent, Mr. David Reams, the sole named inventor who, on information and belief, was also an attorney prosecuting the application before the USPTO that matured into the '425 patent, misrepresented or omitted information material to patentability, and did so with specific intent to mislead or deceive the USPTO.

3.      For example, as inventor or prosecuting attorney, Mr. Reams had a duty to disclose all "information known to [him] to be material to patentability." 37 C.F.R. § 1.56 (a), (e).

4.      However, on information and belief, Mr. Reams became aware of certain material prior art, including U.S. patent application publication no. 20080244576 (the "'576 publication," incorporated herein by reference), before he filed the application from which the '425 patent issued, i.e., U.S. patent application no. 12/687,945 (the "'945 application," incorporated herein by reference).  On information and belief, Mr. Reams copied certain claims from the '576 publication and included them verbatim in the '945 application.  *Compare, e.g.*, '425 patent at 21:6-21:66 with, e.g., '576 publication, claims 4, 5, 9-11.  Among other things, Mr. Reams copied language from a claim from the '576 publication that recites calling "a resource identifier that is in an initial array position of a list in which resource identifiers uniquely identifying resources are arrayed." '576 publication, claim 9.

5.      The '576 publication was material to the patentability of at least claim 1 of the '425 patent.

6.      Specifically, the '576 publication was published on October 2, 2008, and is therefore prior art to the '425 patent under at least 35 U.S.C. § 102(b).

7.      Furthermore, on information and belief, the USPTO would not have issued claim 1 of the '425 patent if it was aware of the '576 publication.

8. For example, the USPTO issued a final rejection during prosecution of the '425 patent on September 11, 2013, rejecting claim 26 (which ultimately issued as claim 1), which recited a method for hyperlinking to "predetermined hyperlinked content . . . ," for being obvious over certain prior art. Mr. Reams subsequently amended claim 26 to instead recite a method for hyperlinking to "a resource in an initial array position of a list in which resource identifiers uniquely identifying resources . . . are arrayed." *See* Nov. 11, 2013 Response to Office Action, U.S. Patent Application No. 12/687,945, at 6-12, 13-17. He also argued that amended claim 26's recitation to the resources being "arrayed" – the same aspect that, on information and belief, Mr. Reams adapted verbatim from the '576 publication and did not otherwise disclose in his patent application – distinguished the claim from the prior art. *Id.*

9. The examiner relied on Mr. Reams's argument and allowed claim 1 based on the prior-art material that Mr. Reams copied from the '576 publication. Even though the '576 publication disclosed the same supposedly inventive aspect that led the USPTO to issue claim 1 of the '425 patent, Mr. Reams never disclosed the publication to the USPTO. Had Mr. Reams disclosed the publication, claim 1 would have been unpatentable as at least obvious over the prior art and the USPTO would not have issued the claim.

10. Mr. Reams specifically intended to deceive and mislead the USPTO into issuing the claims of the '425 patent.

11. Mr. Reams was aware of his duty to disclose under 37 C.F.R. § 1.56, even acknowledging this fact in a signed declaration that he submitted with the USPTO. *See* April 20, 2001 Declaration for Utility or Design Patent Application, U.S. Patent Application No. 09/839,074 (incorporated herein by reference), at 1 ("I acknowledge the duty to disclose information which is material to patentability as defined in 37 CFR 1.56, including for

continuation-in-part applications, material information which became available between the filing date of the prior application and the . . . filing date of the continuation-in-part application."). Nonetheless, on information and belief, Mr. Reams copied material information from the '576 publication, drafted claims directed to the copied information, and argued for the claims' patentability based on the information, without ever disclosing the '576 publication to the USPTO.

12. Because Mr. Reams failed to disclose material information to the USPTO with the specific intent to deceive, he committed inequitable conduct, rendering all claims of the '425 patent unenforceable.

## OTHER DEFENSES

Comcast Cable reserves all defenses and affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## RESPONSE TO PROGME'S PRAYER FOR RELIEF

Comcast Cable denies that Progme is entitled to any relief under the First Amended Complaint, including the relief requested in Paragraph 123.

## PRAYER FOR RELIEF

WHEREFORE, Comcast Cable respectfully requests that the Court enter judgment in favor of Comcast Cable on the foregoing and enter a judgment granting the following relief:

    A.    Dismissal of Progme's complaint and claims in their entirety, with prejudice;

    B.    A judgment finding that Progme is not entitled to any of its requested relief, or any relief whatsoever;

C.  A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Comcast Cable its reasonable attorney fees;

D.  An order requiring Progme to pay all costs and expenses incurred by Comcast Cable in this action; and

E.  An order granting Comcast Cable such other and further relief as it may deem just and equitable.

Dated:  November 17, 2017

Respectfully submitted,

/s/ Daniel J. Goettle
Daniel J. Goettle
Jeffrey W. Lesovitz
Stephanie M. Papastephanou
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104-2891
Telephone:   215.568.3100
Facsimile:    215.568.3439
Email: dgoettle@bakerlaw.com
jlesovitz@bakerlaw.com
spapastephanou@bakerlaw.com

Attorneys for Defendant

COMCAST CABLE COMMUNICATIONS, LLC

# CERTIFICATE OF SERVICE

I, Stephanie M. Papastephanou, hereby certify that on November 17, 2017, a copy of Defendant Comcast Cable Communications, LLC's Answer to Plaintiff Progme Corporation's First Amended Complaint was served upon counsel at the address and in the manner indicated:

**ELECTRONIC MAIL**

David A. Reams
LAW OFFICE OF DAVID A. REAMS, P.C.
208 Clair Hill Drive
Rochester Hills, MI 48309
248-376-2840
Email: godreams@juno.com

John Wesley Scott
Stephen J. Kastenberg
BALLARD SPAHR LLP
1735 Market Street, 51st FL
Philadelphia, PA 19103
215-864-8635
Email: scottj@ballardspahr.com
Email: kastenberg@ballardspahr.com

Frank A. Mazzeo
RYDER LU MAZZEO & KONIECZNY LLC
808 Bethlehem Pike
Suite 200
Colmar, PA 18915
215-997-0248
Email: fmazzeo@ryderlu.com

Eric A. Buresh
Michelle L. Marriott
Mark C. Lang
ERISE IP P.A.
6201 College Blvd.
Suite 300
Overland Park, KS 66211
913-777-5600
Email: eric.buresh@eriseip.com
Email: michelle.marriott@eriseip.com
Email: mark.lang@eriseip.com

/s/ Stephanie M. Papastephanou
Stephanie M. Papastephanou