IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PROGME CORPORATION**, | Civil Action No. 2:17-cv-01488-GAM |
| **Plaintiff** | District Judge Gerald Austin McHugh |
| v. | |
| COMCAST CABLE COMMUNCIATIONS, LLC, | BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE PURSUANT TO **FRCP 41(a)(2)** |
| **Defendant** | |

## TABLE OF CONTENTS

|  | Pg(s) |
|---|---|
| **TABLE OF AUTHORITIES** | **ii-iii** |
| **I. MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT IS SUPPORTED BY BOTH THIS COURT'S ORDER IN DOC. 35 AND WELL-ESTABLISHED CASE PRECEDENT.** | **1-2** |
| **II. MOTION FOR LEAVE TO VOLUNTARILY DISMISS ACTION WITHOUT PREJUDICE PURSUANT TO FRCP 41(a)(2)** | **3-6** |
| **CERTIFICATE OF SERVICE** | **7** |

# TABLE OF AUTHORITIES

Pg(s)

**Cases**

Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)   1

Foman v. Davis, 371 U.S.178, 182 (1962)   1,2

Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990)   2

Juan v. Sanchez, 339 F. App'x 182, 187 (3d Cir. 2009)   2

Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)   2

USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir. 2004)   2

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984)   2

Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1163   2

(5th Cir.1982)

Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982)   2

In re Paoli R.R. Litig., 916 F. 2d 829, 863 (3rd cir. 1990)   2

Campus-Dimensions, Inc. v. On-Campus Marketing Concepts, Inc., No. 94-649,   2,5

1994 WL 470188 at 2 (E.D. Pa 1994)

Kellmer v. Raines, No. 09-5254, 2012 U.S. AppLEXIS 6746 at p. 8   2

(D.C. Cir. March 30, 2012)

Connor v. Corporate Life Consultants, No. 06-2831, 2006 WL 2828865,   3

at *1 (E.D. Pa. Sept. 29, 2006)

Citizens Sav. Ass'n v. Franciscus,120 F.R.D. 22, 24 (M.D. Pa. 1988)   3

Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)   3

Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 51-52 (1st Cir. 1981)   3

In re Paoli R.R. Litig., 916 F. 2d 829, 863 (3rd Cir. 1990), — 3,4

cert. denied, 499 U.S. 961 (1991)

Thomas v. Amerada Hess Corp., 393 F. Supp 58, 70 (E.D. Pa 1975) — 4

Miller v. Trans World Airlines, Inc., 103 F.R.D. 20,21 (E.D. Pa 1984) — 4

Dodge-Regupol, Inc. v. RB Rubber Prods., Inc., 585 F. Supp. 2d 645, 652-53 — 4

(M.D. Pa. 2008)

Schandelmeier v. Otis Div. of Baker-Material Handling Corp., 143 F.R.D. 102, 102-03 — 4

(W.D. Pa. 1992))

United States v. Eighteen Various Firearms, 148 F.R.D. 530, 531 (E.D. Pa. 1993) — 4

Buse v.Vanguard Group of Inv. Cos., No. 91-3560, 1994 WL 111359, at *3 — 4

(E.D. Pa. Mar. 31, 1994)

Connor v. Corporate Life Consultants,  2006 WL 2828865, at *1 — 4

Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 715 (E.D. Pa. 2005) — 4

John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186,191 (E.D. Pa 1982) — 5

Septa v. American Universal Co., 1988 U.S. Dist. LEXIS 1932 (E.D. Pa 1988) — 6

**Statutes**

FRCP 15(a) — 1

FRCP 41(a)(2) — 3

**Treatise**

J. Moore, Moore's Federal Practice 41.05[1] at 41-62 (1988) — 3

Now comes Plaintiff Progme Corporation (hereinafter termed "Progme"), by counsel, and hereby moves this Honorable Court to grant leave for Progme to file its appended **FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT** or, in the alternative, moves for leave to voluntarily dismiss this action without prejudice pursuant to FRCP 41(a)(2) in the above-captioned matter.

**I.   MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT IS SUPPORTED BY BOTH THIS COURT'S ORDER IN DOC. 35 AND WELL-ESTABLISHED CASE PRECEDENT.**

In Doc. 35 this Court found that "Progme has stated a claim of direct infringement against Comcast". Doc. 35, p. 10. In the appended **FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT**, Progme implements this Court's Order in Doc. 35 by amending Counts I and II to contain only direct infringement claims against Defendant Comcast. In addition, in applying the rationale of said Order to dismissed Counts III-VI, which are dismissed without prejudice, Progme amends the Complaint to limit amended Counts III-VI to only direct infringement claims against Defendant Comcast. Finally, Progme adds in Count VII a claim for infringement against Defendant Comcast under the apparatus claims of the '425 Patent.

Grant of leave to amend is within the discretion of the district court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990) (articulating that abuse of discretion is the standard of review for decisions on leave to amend pleadings). Federal Rule of Civil Procedure 15(a) provides that the Court should "freely give leave" for a party to file an amended pleading "when justice so requires". Indeed, the Supreme Court has declared that Rule 15's "mandate [of liberally allowing amendments] is to be heeded". Foman v. Davis, supra.

The burden is generally on the non-moving party to demonstrate why leave to amend should not be granted.  <u>Foman v. Davis</u>, supra at 182.  The Court may deny a request to amend a pleading only when the following circumstances exist: "'(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other part[ies].'" <u>Juan v. Sanchez</u>, 339 F. App'x 182, 187 (3d Cir. 2009) (quoting <u>Lake v. Arnold</u>, 232 F.3d 360, 373 (3d Cir. 2000)).  Delay alone is insufficient to deny a plaintiff's motion to amend a complaint. <u>USX Corp. v. Barnhart</u>, 395 F.3d 161, 167 (3d Cir. 2004). However, if "delay . . .[has] become 'undue,' placing an unwarranted burden on the court, or . . . [has] become 'prejudicial,' placing an unfair burden on the opposing party," delay may be sufficient to deny a motion to amend. <u>Adams v. Gould, Inc.</u>, 739 F.2d 858, 868 (3d Cir. 1984) (citing <u>Chitimacha Tribe of Louisiana v. Harry L. Laws Co.</u>, 690 F.2d 1157, 1163 (5th Cir.1982); <u>Tefft v. Seward</u>, 689 F.2d 637, 639 (6th Cir.1982)).

There is not any legitimate concern of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party or futility of amendment in the above-captioned matter.  To the contrary, the appended **FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT** precisely defines in a well-pled manner the accused methods and instrumentalities alleging patent infringement; <u>In re Paoli R.R. Litig.</u>, 916 F. 2d 829, 863 (3rd cir. 1990); <u>Campus-Dimensions, Inc. v. On-Campus Marketing Concepts, Inc.</u>, No. 94-649, 1994 WL 470188 at 2 (E.D. Pa 1994); <u>Kellmer v. Raines</u>, No. 09-5254, 2012 U.S. AppLEXIS 6746 at p. 8 (D.C. Cir. March 30, 2012).  Indeed, as indicated above, the appended **FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT**  largely implements this Court's Order in Doc. 35.

## II.  MOTION FOR LEAVE TO VOLUNTARILY DISMISS ACTION WITHOUT PREJUDICE PURSUANT TO FRCP 41(a)(2)

In the alternative, Progme moves this Court for leave to voluntarily dismiss the action in the above-captioned matter without prejudice pursuant to FRCP 41(a)(2).  Rule 41(a)(2) states that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*".  Fed. R. Civ. P. 41(a)(2) (emphasis added).  Unless the court order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Id.  "A voluntary dismissal without prejudice is not a matter of right." Connor v. Corporate Life Consultants, No. 06-2831, 2006 WL 2828865, at *1 (E.D. Pa. Sept. 29, 2006). Rather, "[a] motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) lies within the sound discretion of the district court." Citizens Sav. Ass'n v. Franciscus, 120 F.R.D. 22, 24 (M.D. Pa. 1988) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)); see also Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 51-52 (1st Cir. 1981) ("A district judge does not abuse his discretion in granting a motion to dismiss without first holding a hearing if he is familiar with the relevant issues . . . and if the defendants have adequate notice and opportunity to be heard on the plaintiff's motion to dismiss.").

The Third Circuit Court of Appeals has declared that a "liberal policy has been adopted in the voluntary dismissal context.  FRCP 41 motions "'should be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second law suit'".  In re Paoli R.R. Litig., 916 F. 2d 829, 863 (3rd Cir. 1990) citing J. Moore, Moore's Federal Practice 41.05[1] at 41-62 (1988)).

Under the standard set forth in FRCP 41(a)(2), the court in exercising its discretion in ruling on a motion for voluntary dismissal shall consider:

1. the defendant's expense in preparing for trial;

3

2. the plaintiff's diligence in bringing the motion to voluntarily dismiss;

3. the plaintiff's reason for moving for dismissal;

4. whether a motion for summary judgment is pending and

5. any excessive and duplicative expense of defending a second action.

Thomas v. Amerada Hess Corp., 393 F. Supp 58, 70 (E.D. Pa 1975).

   District courts in Pennsylvania and other jurisdictions generally grant dismissal under Rule 41(a)(2) unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.  Miller v. Trans World Airlines, Inc., 103 F.R.D. 20,21 (E.D. Pa 1984).  Though motions for voluntary dismissal under Rule 41(a)(2) should generally be granted, in ruling on such a motion, "a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense".  See Dodge-Regupol, Inc. v. RB Rubber Prods., Inc., 585 F. Supp. 2d 645, 652-53 (M.D. Pa. 2008) (citing Schandelmeier v. Otis Div. of Baker-Material Handling Corp., 143 F.R.D. 102, 102-03 (W.D. Pa. 1992)); see also In re Paoli R.R. Yard PCB Litig., supra ("Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.") (internal quotations omitted), cert. denied, 499 U.S. 961 (1991); United States v. Eighteen Various Firearms, 148 F.R.D. 530, 531 (E.D. Pa. 1993); Buse v.Vanguard Group of Inv. Cos., No. 91-3560, 1994 WL 111359, at *3 (E.D. Pa. Mar. 31, 1994) (stating that the court "must consider the legitimate interests of both parties").  The prejudice must be substantial and "the prospect of a subsequent lawsuit is not sufficient to deny a motion without prejudice".  Connor v. Corporate Life Consultants,  2006 WL 2828865, at *1; see also Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 715 (E.D. Pa. 2005).

In Document 35, this Court dismissed without prejudice 4 out of the 6 counts of the Complaint for Patent Infringement in the above-captioned case.  Said 4 counts dismissed by this Court comprised the heart of the case for patent infringement in the above-captioned case.  Indeed, the damages to be established and proven by expert testimony consisted of damages attributable to said 4 counts dismissed by this Court.  Accordingly, the 2 remaining counts of the above-captioned case do not offer any appreciable damages recovery when compared to the damages attributable to said 4 counts dismissed by this Court.  Simply stated, this Court's dismissal of said 4 counts substantially remove the damages component, to far less than would adequately compensate Progme for patent infringement by Defendant Comcast in the above-captioned case.  If all six counts cannot be tried together in the Eastern District of Pennsylvania, then Progme requests leave to voluntarily dismiss without prejudice this action, to refile in a subsequent action.  The "tactical advantage" to be gained by refiling all six counts together is not a sufficient basis for denying Progme's motion for dismissal.  <u>Campus-Dimensions, Inc. v. On-Campus Marketing Concepts, Inc.</u>, supra.

While Rule 41(a)(2) authorizes this Court to award costs and attorney fees as a condition of voluntary dismissal without prejudice, such a conditional grant of dismissal is not warranted in the instant matter.  The purpose of such an award of costs and attorney fees is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy.  <u>John Evans Sons, Inc. v. Majik-Ironers, Inc.</u>, 95 F.R.D. 186,191 (E.D. Pa 1982).  No discovery has been conducted in the above-captioned matter.  Thus granting the requested dismissal would not result in any duplication of discovery in any subsequent litigation, a factor district courts in Pennsylvania have considered as critical to ruling

5

on motions for voluntary dismissal under FRCP 41(a)(2).  Septa v. American Universal Co., 1988 U.S. Dist. LEXIS 1932 (E.D. Pa 1988).

    WHEREFORE, Progme requests this Honorable Court grant Progme leave to file the appended **FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT** or, in the alternative, grant Progme leave to voluntarily dismiss the action without prejudice in the above-captioned action.

November 17, 2017                                              Respectfully submitted,

                                                                                   /s/ David A. Reams
                                                                                   David A. Reams, *Pro Hac Vice*
                                                                                   Law Office of David A. Reams, P.C.
                                                                                   208 Clair Hill Drive
                                                                                   Rochester Hills, MI 48309
                                                                                   248-376-2840
                                                                                   Lead Counsel for Progme Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2017, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

                                                Signed,

                                                /s/ David A. Reams
                                                David A. Reams