## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA


**PROGME CORPORATION**,

        **Plaintiff**



        **v.**



**COMCAST CABLE**

    **COMMUNCIATIONS, LLC**,

        **Defendant**

Civil Action No. 2:17-cv-01488-GAM

District Judge Gerald Austin McHugh




**PLAINIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE FOURTH DEFENSE: UNENFORCEABILITY DUE TO INEQUTIABLE CONDUCT IN DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFF PROGME CORPORATION'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Pg(s)**

**TABLE OF AUTHORITIES**      **ii**

**I.**     **THE LEGAL INSUFFICIENCY OF DEFENDANT COMCAST'S FOURTH AFFIRMATIVE DEFENSE IS CLEARLY APPARENT.**     **1**

**1.**     **THE ALLEGED PRIOR ART CITED IN DEFENDANT COMCAST'S FOURTH AFFIRMATIVE DEFENSE WAS PUBLISHED AS A PATENT APPLICATION NEARLY TWO YEARS AFTER THE PARENT CONTINUATION-IN-PART APPLICATION TO THE '425 PATENT WAS FILED ON 12/27/05, THEREBY CLEARLY DISQUALIFYING THE PATENT APPLICATION AS PRIOR ART.**     **2**

**2.**     **THE ALLEGED PRIOR ART CITED IN DEFENDANT COMCAST'S FOURTH AFFIRMATIVE DEFENSE CLEARLY LACKS MATERIALITY BECAUSE IT TEACHES AWAY FROM THE '945 APPLICATION AND THE '425 PATENT.**     **2**

**CERTIFICATE OF SERVICE**      **4**

# TABLE OF AUTHORITIES

**Pg(s)**

**Cases**

United States v. Union Gas Co., 743 F. Supp. 1144, 1150 (E.D.Pa. 1990)    1,2

United States v. Atlas Minerals & Chemicals, Inc., 797 F.Supp. 411 (E.D.Pa.1992)    1,2

Synthes v. Globus Medical, Inc., 2007 WL 1001587, at *1 (E.D. Pa. Mar. 29, 2007)    1,2

Meiresonne v. Google, Inc., 849 F.3d 1379, 1382 (Fed. Cir. 2017)    3

DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1326    3
(Fed. Cir. 2009)

**Statutes**

Fed. R. Civ. P. 12(f)    1,2

**Treatise**

DONALD S. CHISUM ON PATENTS – A TREATISE ON THE LAW    2
ON PATENTABILITY, VALIDITY AND INFRINGEMENT, G1-6 (2007)

Now comes Plaintiff Progme Corporation (hereinafter termed "Progme"), by counsel, and

hereby moves this Honorable Court to strike the **FOURTH DEFENSE:**

**UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT** (hereinafter termed "Fourth

Affirmative Defense"), paras. 1-12 on pgs 4-7 in Doc. 37, **DEFENDANT COMCAST CABLE**

**COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFF PROGME CORPORATION'S**

**FIRST AMENDED COMPLAINT** filed in the above-captioned action on 11/17/17.

**I.**    **THE LEGAL INSUFFICIENCY OF DEFENDANT COMCAST'S**
         **FOURTH AFFIRMATIVE DEFENSE IS CLEARLY APPARENT.**

"The court may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike help to

eliminate insufficient defenses, saving time and money that would otherwise be spent litigating

issues that would not affect a case's outcome. United States v. Union Gas Co., 743 F. Supp.

1144, 1150 (E.D.Pa. 1990).  Grant of a motion to strike is appropriate when there are no

circumstances under which a defense could succeed. United States v. Atlas Minerals &

Chemicals, Inc., 797 F.Supp. 411 (E.D.Pa.1992).  A motion to strike should be granted where

"the insufficiency of the defense is clearly apparent." Synthes v. Globus Medical, Inc., 2007 WL

1001587, at *1 (E.D. Pa. Mar. 29, 2007).  The court should strike an affirmative defense when it

is clearly apparent that the defense cannot succeed under any circumstances as a matter of law.

See Synthes v. Globus Medical, Inc., supra. "An affirmative defense is insufficient if as a matter

of law it cannot succeed under any circumstances . . ., and the moving party is prejudiced by the

presence of the allegations in the pleading." Id.

As demonstrated by the appended **AFFIDAVIT OF DAVID A. REAMS**, the Fourth

Affirmative Defense is wholly lacking in any meritorious legal theory and promises to only

waste this Court's precious time.  As indicated below, there can be no dispute about the two fatal

flaws in Defendant Comcast's Fourth Affirmative Defense: the alleged prior art publication does

not predate the filing date of the parent continuation-in-part application to the '425 Patent and

the publication lacks materiality.  Thus, the Fourth Affirmative Defense should be promptly

striken.  Fed. R. Civ. P. 12(f); United States v. Union Gas Co., supra; United States v. Atlas

Minerals & Chemicals, Inc., supra; Synthes v. Globus Medical, Inc., supra.

1. **THE ALLEGED PRIOR ART CITED IN DEFENDANT COMCAST'S FOURTH AFFIRMATIVE DEFENSE WAS PUBLISHED AS A PATENT APPLICATION NEARLY TWO YEARS AFTER THE PARENT CONTINUATION-IN-PART APPLICATION TO THE '425 PATENT WAS FILED ON 12/27/05, THEREBY CLEARLY DISQUALIFYING THE PATENT APPLICATION AS PRIOR ART.**

Defendant Comcast cites in its Answer alleged prior art, patent application no. 20080244576

(hereinafter termed "the '576 publication"), that was published 10/2/08 as a patent application

nearly two years after the parent continuation-in-part application no. 12/687,945 (hereinafter

termed "the '945 application") to the '425 Patent was filed on 12/27/05.  Since the '576

publication did not predate the filing date of the '945 application, the '576 publication is clearly

no prior art.  See DONALD S. CHISUM ON PATENTS – A TREATISE ON THE LAW ON

PATENTABILITY, VALIDITY AND INFRINGEMENT, G1-6 (2007).

2. **THE ALLEGED PRIOR ART CITED IN DEFENDANT COMCAST'S FOURTH AFFIRMATIVE DEFENSE CLEARLY LACKS MATERIALITY BECAUSE IT TEACHES AWAY FROM THE '945 APPLICATION AND THE '425 PATENT.**

The Federal Circuit has held that [o]bviousness may be defeated if the prior art indicates that

the invention would not have worked for its intended purpose or otherwise teaches away from

the invention. A reference teaches away when a person of ordinary skill, upon reading the

reference, would be discouraged from following the path set out in the reference, or would be led

in a direction divergent from the path that was taken in the claim. A reference that merely

expresses a general preference for an alternative invention but does not criticize, discredit, or otherwise discourage investigation into the claimed invention does not teach away. Meiresonne v. Google, Inc., 849 F.3d 1379, 1382 (Fed. Cir. 2017) (citations and quotation marks omitted); accord. DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1326 (Fed. Cir. 2009) ("An inference of nonobviousness is especially strong where the prior art's teachings undermine the very reason being proffered as to why a person of ordinary skill would have combined the known elements.").

WHEREFORE, Progme moves this Honorable Court to strike the **FOURTH DEFENSE: UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT** in Doc. 37, **DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFF PROGME CORPORATION'S FIRST AMENDED COMPLAINT** filed in the above-captioned action on 11/17/17.

November 27, 2017

Respectfully submitted,

/s/ David A. Reams
David A. Reams, *Pro Hac Vice*
Law Office of David A. Reams, P.C.
208 Clair Hill Drive
Rochester Hills, MI 48309
248-376-2840
Lead Counsel for Progme Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2017, I electronically filed the foregoing

paper with the Clerk of Court using the ECF system which will send notification of such filing to

all counsel of record.

Signed,

/s/ David A. Reams