IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROGME CORPORATION,<br><br>                Plaintiff,<br>  v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, et al.,<br><br>                Defendants. | Case No. 2:17-cv-01488<br><br>Judge Gerald A. McHugh |

**COMCAST CABLE COMMUNICATIONS, LLC'S MEMORANDUM
IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT OR, IN
THE ALTERNATIVE, MOTION FOR LEAVE TO FILE VOLUNTARY DISMISSAL OF
ACTION WITHOUT PREJUDICE PURSUANT TO FRCP 41(A)(2)**

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL BACKGROUND........................................................................................1

    A. Progme's five different complaints and apparent gamesmanship ..........................1

    B. Progme's fourth-amended complaint does not correct the pleading defects that the Court identified. ........................................................................................2

III. ARGUMENT..................................................................................................................3

    A. The Court should deny as futile Progme's motion for leave to amend because the fourth-amended complaint suffers the same deficiencies as Progme's previously dismissed claims. ..................................................................................3

        1. Amended counts I and II are futile because they no longer identify a specific accused instrumentality. ................................................................4

        2. Amended counts III-VI are futile because they suffer the same defects that the Court identified in dismissing similar counts from Progme's first-amended complaint. ..............................................................................5

        3. Amended count VII, which is virtually identical to another count that the Court already rejected, is futile because it fails to identify a specific accused instrumentality. ................................................................6

        4. In addition, each of the amended counts is futile because it fails to identify the allegedly infringed claims or explain how any accused instrumentality satisfies the elements of any asserted claim. .......................7

    B. Progme's motion should also be denied because of (i) its repeated failure to cure defects, (ii) its undue delay, and (ii) the prejudice to Comcast Cable. ............8

    C. The Court should deny Progme's alternative request for voluntary dismissal. .......9

    D. In the alternative, the Court should condition voluntary dismissal on Progme's payment of Comcast Cable's costs and attorney fees............................11

IV. CONCLUSION.............................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ..................................................................................3, 4

*Andersen Corp. v. Pella Corp.*,
  300 F. App'x 893 (Fed. Cir. 2008) .......................................................................................9

*Baiul v. NBC Sports*,
  2016 WL 1587250 (S.D.N.Y. Apr. 19, 2016)....................................................................11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)............................................................................................3

*Blackberry Ltd. v. BLU Prod., Inc.*,
  2017 WL 5004845 (S.D. Fla. Mar. 27, 2017)......................................................................7

*California Pub. Employees' Ret. Sys. v. Chubb Corp.*,
  394 F.3d 126, 153 (3d Cir. 2004)......................................................................................8, 9

*Citizens Sav. Ass'n v. Franciscus*,
  120 F.R.D. 22 (M.D. Pa. 1988)..........................................................................................11

*Connor v. Corporate Life Consultants*,
  2006 WL 2828865 (E.D. Pa. Sept. 29, 2006) ......................................................................9

*Dodge–Regupol, Inc. v. RB Rubber Prod., Inc.*,
  585 F. Supp. 2d 645 (M.D. Pa. 2008) ................................................................................10

*D.C.G. ex rel. E.M.G. v. Wilson Area Sch. Dist.*,
  2009 WL 838548 (E.D. Pa. Mar. 27, 2009)...................................................4, 5, 6, 9, 10, 11

*Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co.*,
  367 F. Supp. 2d 711 (E.D. Pa. 2005) .................................................................................10

*Ferguson v. Eakle*,
  492 F.2d 26 (3d Cir. 1974)...................................................................................................9

*Foman v. Davis*,
  371 U.S. 178 (1962)..........................................................................................................3, 8

*Hewlett-Packard Co. v. Intergraph Corp.*,
  2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ....................................................................4

*Jablonski v. Pan Am. World Airways, Inc.*,
 863 F.2d 289 (3d Cir. 1988) ..................................................................................... 4

*Jenkins v. LogicMark, LLC*,
 2017 WL 376154 (E.D. Va. Jan. 25, 2017) ............................................................... 7

*Kolman v. Kolman*,
 58 F.R.D. 632 (W.D. Pa. 1973) ............................................................................... 12

*Krantz v. Prudential Investments Fund Mgmt. LLC*,
 305 F.3d 140 (3d Cir. 2002) ...................................................................................... 8

*Lantiq N. Am., Inc. v. Ralink Tech. Corp.*,
 2011 WL 2600747 (N.D. Cal. June 30, 2011) ....................................................... 4, 6

*Macronix Int'l Co. v. Spansion Inc.*,
 4 F. Supp. 3d 797 (E.D. Va. 2014) ............................................................................ 7

*Meltzer v. Nat'l Airlines, Inc.*,
 31 F.R.D 47 (E.D. Pa. 1962) ................................................................................... 11

*Minnesota Mining and Mfg. Co. v. Barr Labs., Inc.*,
 289 F.3d 775 (Fed. Cir. 2002) ................................................................................. 10

*Novitaz, Inc. v. inMarket Media, LLC*,
 2017 WL 2311407 (N.D. Cal. May 26, 2017) ........................................................... 7

*Perkins v. American Elec. Power Fuel Supply, Inc.*,
 246 F.3d 593 (6th Cir. 2001) ..................................................................................... 8

*Prism Techs., LLC v. AT&T Mobility, LLC*,
 2012 WL 3867971 (D. Neb. Sept. 6, 2012) ............................................................... 4

*RAH Color Techs. LLC v. Ricoh USA Inc.*,
 194 F. Supp. 3d 346 (E.D. Pa. 2016) ......................................................................... 4

*RMD Concessions, L.L.C. v. Westfield Corp.*,
 194 F.R.D. 241 (E.D. Va. 2000) .............................................................................. 12

*Robern, Inc. v. Glasscrafters, Inc.*,
 206 F. Supp. 3d 1005 (D.N.J. 2016) .......................................................................... 7

*Ross v. Infinity Ins. Co.*,
 2013 WL 2495114 (E.D. Pa. June 10, 2013) ........................................................... 11

*U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*,
 769 F.3d 837 (3d Cir. 2014) .................................................................................. 3, 8

*Total Containment, Inc. v. Aveda Mfg. Corp.*,
    1990 WL 290146 (E.D. Pa. Dec. 7, 1990) .............................................................................11

**Other Authorities**

Fed. R. Civ. P. 15 ................................................................................................................10

Fed. R. Civ. P. 41 .......................................................................................................9, 11, 12

## I. INTRODUCTION

The Court should deny entry of Progme's fifth attempt to allege plausible infringement claims against Comcast Cable. Like its predecessors, Progme's proposed fifth complaint contains legally-insufficient and garbled allegations that do not cross the plausibility threshold. Progme admits that it asserts these revamped allegations because the Court gutted its supposed damages case when it ruled in favor of Comcast Cable's previous motion to dismiss. Now, Comcast Cable is yet again trying to untangle Progme's knot of purported infringement allegations that appear to be an attempt to resurrect the dismissed claims while curing no defect.

The Court should also deny Progme's alternative motion for voluntary dismissal. Notably, Progme admits that, were the Court to grant such dismissal, it will refile its proposed amended complaint as a new complaint. But such apparent gamesmanship – invoked to overcome Progme's failure to show that "justice so requires" the Court to allow the fifth complaint – would prejudice Comcast Cable to the tune of the attorney fees and costs it has had to expend over two years of dealing with Progme's five knotted complaints. And in the end, the result of Progme's requested dismissal would merely put the parties in the same position that they are right now, with Comcast Cable seeking dismissal based on lack of plausibility.

## II. FACTUAL BACKGROUND

### A. Progme's five different complaints and apparent gamesmanship

Progme filed or attempted to file five complaints, each of which contained similar defective pleadings. As a result, Comcast Cable prepared four motions to dismiss and opposed three separate motions to amend.[1] D.I. 1-10, 1-11, 1-34, 20, 1-47, 1-48, 1-49, 26. Most recently, in response to Comcast Cable's motion to dismiss regarding the first-amended complaint, the

---

[1] The factual background of Progme's and Comcast Cable's motions are well documented in Comcast Cable's motion to dismiss Progme's first-amended complaint. D.I. 16, 20.

Court dismissed most of Progme's claims.[2] D.I. 35, 36. After this Court's ruling, Comcast Cable prepared and filed its answer. D.I. 37. Progme never told Comcast Cable that it intended to seek to amend its complaint so that Comcast Cable could hold off answering and first deal with Progme's motion to amend. Instead, Progme filed the present motion mere hours after Comcast Cable filed its answer. D.I. 38.

This was not an isolated instance of unfortunate timing but instead appears to be part of a pattern. For example, on the same day that Comcast Cable filed its motion to dismiss the first-amended complaint, Progme sought leave to file its proposed third-amended complaint. D.I. 20, 22. Additionally, prior to transfer to this Court, then-defendant Comcast Corporation moved to dismiss the original complaint after Progme refused to amend it to address various defects that Comcast Corporation identified. D.I. 1-10, 1-11. Two weeks after Comcast Corporation's motion, however, Progme filed its first-amended complaint. D.I. 1-13, 1-14, 1-15. Similarly, before transfer to this Court, Progme refused to amend the first-amended complaint though Comcast Cable informed it of many defects. And then, shortly after Comcast Cable filed its motion to dismiss before the prior court, Progme filed a proposed second-amended complaint.[3] D.I. 1-40, 1-41, 1-42, 1-43.

Overall, Progme's actions indicate that Progme is not confident with its infringement allegations or that Progme is attempting to inconvenience Comcast Cable perhaps to foster settlement. Whatever the reason, Comcast Cable respectfully submits that enough is enough.

### B. Progme's fourth-amended complaint does not correct the pleading defects that the Court identified.

The proposed fourth-amended complaint still includes the same defects identified in

---

[2] The Court dismissed all of the indirect and joint infringement claims and all of counts III-VI because Progme had "not shown Comcast to have any connection to the allegedly infringing instrumentalities." D.I. 35 at 1-2, 12.
[3] The previous court never entered the proposed second-amended complaint.

Comcast Cable's past motions to dismiss, in the various oppositions to Progme's motions to amend, and in the Court's recent ruling on Comcast Cable's motion to dismiss. Exhibit A shows through "tracked changes" how Progme edited the first-amended complaint to arrive at its proposed fourth-amended complaint. As shown, the amendments primarily consist of omitting references to indirect infringement or NBCU (e.g., Ex. A,[4] ¶¶ 60, 67, 68); reordering or rearranging passages that were in the first amended complaint (e.g., ¶¶ 60, 61, 63, 68, 71, 72, 73); adding paragraphs that parrot claim language or the patent specification (e.g., ¶¶ 62, 64, 65, 67, 70); and adding one paragraph in each count about a "class loader" (e.g., ¶¶ 69, 84, 99, 114). Notably, as before, the proposed complaint fails to allege any fact connecting Comcast Cable to the allegedly infringing third-party code.

## III. ARGUMENT

The U.S. Supreme Court has held that courts should deny leave to amend if: (1) the amendment would be futile, (2) there was undue delay, (3) there was repeated failure to cure defects, or (4) there would be undue prejudice to the opposing party if the amendment were allowed. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).[5] The Court should deny Progme's motion on each of these grounds. The Court should also deny Progme's motion for voluntary dismissal.

> **A. The Court should deny as futile Progme's motion for leave to amend because the fourth-amended complaint suffers the same deficiencies as Progme's previously dismissed claims.**

Progme's motion should be denied because the proposed amendments would be futile.

---

[4] References to paragraphs in Ex. A reflect the corresponding paragraphs in Progme's proposed fourth-amended complaint; references to "deleted" paragraphs reflect the corresponding paragraphs in the first-amended complaint.
[5] Courts apply the law of the regional circuit when addressing a motion for leave to amend infringement claims. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)).

*See Foman*, 371 U.S. at 182. As the U.S. Court of Appeals for the Third Circuit explained, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). To plausibly plead direct infringement, the U.S. Court of Appeals for the Federal Circuit requires "some allegation of specific services or products of the defendants which are being accused" to "put Defendants on notice as to what activity, method, or procedure is alleged to infringe." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. Appx. 934, 937 (Fed. Cir. 2015).

### 1. Amended counts I and II are futile because they no longer identify a specific accused instrumentality.

The Court should reject counts I and II of Progme's fourth-amended complaint because they are no longer directed to a specific accused instrumentality. *See, e.g.*, *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 349, 351-53 (E.D. Pa. 2016) (applying "heightened standard of pleading set forth by *Twombly* and *Iqbal*" in patent case); *Lantiq N. Am., Inc. v. Ralink Tech. Corp.*, 2011 WL 2600747, at *6-*7 (N.D. Cal. June 30, 2011) (requiring complaints to include "specific identification of the products . . . that are allegedly infringing"); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003); *Prism Techs., LLC v. AT&T Mobility, LLC*, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012).

Progme says that it amended counts I and II merely to "implement this Court's Order [so that the counts] contain only direct infringement claims . . . ."[6] Pl's Br. at 1. But this is false. Progme also amended the direct-infringement allegations to broaden them in an apparent attempt to recapture what it lost with the Court's dismissal of counts III-VI of the first-amended complaint. Specifically, as the Court previously noted, counts I and II of Progme's first-

---

[6] Comcast Cable is aware of no obligation for Progme to amend counts I or II of the first-amended complaint to reflect the Court's dismissal of the indirect-infringement allegations.

amended complaint plausibly allege direct infringement because, unlike the direct infringement claims of dismissed counts III-VI, they contained "factual material connecting Comcast to an [accused] instrumentality, namely, the Comcast Message Bus . . . ." D.I. 35 at 10-11. But counts I and II of the proposed fourth-amended complaint are no longer merely tethered to the Comcast Message Bus (CMB) but instead have now been expanded to vaguely encompass Comcast Cable's *entire* cable network system. *See, e.g.,* Ex. A deleted ¶¶ 50, 76 (deleting references to CMB as infringing instrumentality) & ¶¶ 50, 58 (newly accusing "Comcast's cable television delivery system"). The Court should reject Progme's motion as to counts I and II because they do not identify the specific accused instrumentality and thus are futile.

    **2.**    **Amended counts III-VI are futile because they suffer the same defects that the Court identified in dismissing similar counts from Progme's first-amended complaint.**

Counts III-VI of the proposed fourth-amended complaint are futile because, contrary to Progme's claim that it amended them to "apply[] the rationale of [the Court's order on Comcast Cable's motion to dismiss]," they still omit any plausible allegation that ties the accused instrumentality to Comcast Cable. Pl's Br. at 1.

This Court dismissed counts III-VI of Progme's first-amended complaint, concluding that Progme "does not allege facts that indicate a linkage between Comcast and the [accused] instrumentality." D.I. 35 at 12. For example, for count III, the Court concluded that Progme "alleges no other fact to support the assertion that Comcast uses the 'public class HConfig' at any stage in the delivery of its services." *Id*. Count III of Progme's fourth-amended complaint – while including more volume as compared to the first-amended complaint's count III – fares no better, as it too nowhere alleges that Comcast Cable used the same third-party "HConfig" nor provides any fact supporting such allegation. Ex. A ¶ 71 ("HConfig" code) & ¶¶ 59-73. The

same is true for counts IV-VI.  D.I. 35 at 12-13; <u>Count IV</u>: Ex. A ¶ 86 ("jdwpGen" code) & ¶¶ 74-88; <u>Count V</u>: Ex A ¶ 101 ("MC" code) & ¶¶ 89-103; <u>Count VI</u>: Ex. A ¶ 116 ("upnp Home Network" code) & ¶¶ 104-118.

During a conference call with the Court, Progme claimed its reference to a "class loader" in counts III-VI overcomes the deficiencies of the corresponding counts of the first-amended complaint.  But Progme is wrong.  Each count merely alleges – with no supporting fact or allegation tying the "class loader" to Comcast Cable – that the third-party code "has a corresponding class loader to load said predetermined class into a predetermined virtual machine processing means."  Ex. A ¶¶ 69, 84, 99, 114.  Even if these "class loader" allegations are true and factually supported, the counts in their entirety still do not allege a plausible claim that Comcast Cable used the allegedly infringing third-party code.

> **3. Amended count VII, which is virtually identical to another count that the Court already rejected, is futile because it fails to identify a specific accused instrumentality.**

Count VII of Progme's fourth-amended complaint is virtually identical to count VIII of Progme's third-amended complaint.  As mentioned, the Court already denied Progme's motion for leave to file its third-amended complaint and, therefore, the Court has already denied entry of the substance of proposed count VII.  In addition, amended count VII alleges infringement based on the same third-party code of counts III-VI copied from third-party websites.  As explained in detail in the previous section, counts III-VI fail to plausibly allege that Comcast Cable ever used the code.  *See, e.g.*, Ex. A. ¶¶ 127-130 (referring to, *e.g.*, "said public class HConfig," "said jdwpGen node," "said public class MC," and "said upnp Home network node").  Count VII fails for the same reasons – it nowhere alleges that Comcast Cable ever used the third-party code.

Moreover, amended count VII is futile because it merely accuses Comcast Cable "set-top

boxes" in general of infringement, rather than providing required specificity, such as make and manufacturers to put Comcast Cable on notice of infringement. *See, e.g., Lantiq N. Am.*, 2011 WL 2600747, at *6-*7 (finding insufficient plaintiff's listing of "broad categories of products," such as "routers," without "more specific identification of the products in any given category that are allegedly infringing").

> **4. In addition, each of the amended counts is futile because it fails to identify the allegedly infringed claims or explain how any accused instrumentality satisfies the elements of any asserted claim.**

All counts of Progme's proposed fourth-amended complaint are futile for at least two additional reasons. First, unlike in the first-amended complaint, the counts nowhere identify the supposedly infringed claims of the patent-in-suit, a requirement for plausible pleading in patent cases. *See* Ex. A ¶¶ 60-72, 80, 88, 95, 103, 111 (deleted); *see Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016) (finding complaint deficient because it merely stated that defendant infringed at least one claim but "failed to relate factual assertions to the pertinent claims . . ."); *Blackberry Ltd. v. BLU Prod., Inc.*, 2017 WL 5004845, at *4 (S.D. Fla. Mar. 27, 2017) ("The defendant should be provided with notice of the purportedly infringed claim or claims which the plaintiff intends to pursue . . . ."); *Jenkins v. LogicMark, LLC*, 2017 WL 376154, at *3 (E.D. Va. Jan. 25, 2017) (same).[7]

Second, the fourth-amended complaint fails to identify how any accused instrumentality meets the elements of any claim of the patent. *See Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 798-99, 804-805 (E.D. Va. 2014) (dismissing infringement allegations for failing to "conform[] with the pleading requirements of *Twombly* and *Iqbal* and . . . in particular, recite[] . . . the [claim] elements thereof that are alleged to be infringed by the allegedly infringing

---

[7] For count VII, Progme does state that Comcast Cable infringes "one or more of claims 14-25" but this is deficient because there is no identification of any particular supposedly-infringed claim.

product, and how that product is alleged to infringe those elements"); *Novitaz, Inc. v. inMarket Media, LLC*, 2017 WL 2311407, at *3-*4 (N.D. Cal. May 26, 2017). Instead, the fourth-amended complaint merely parrots some language of some claim without correlating claim elements to any accused instrumentality. For example, each claim of the patent requires a "list in which resource identifiers . . . are arrayed." Yet, other than reciting the claim language itself, the fourth-amended complaint fails to explain how Comcast Cable's network meets this and various other claim limitations despite Comcast Cable, Comcast Corporation, and the Court having identified those defects.[8] Ex. A ¶¶ 34, 56, 64, 79, 94, 109, 123.

**B. Progme's motion should also be denied because of (i) its repeated failure to cure defects, (ii) its undue delay, and (ii) the prejudice to Comcast Cable.**

As to the remaining three *Foman* independent rationales for denying a motion for leave to amend, each applies here. First, the Court should deny Progme's motion because Progme repeatedly failed to cure defects, despite Comcast Cable and, previously, Comcast Corporation, having identified those defects. *See Foman*, 371 U.S. at 182; *Astrazeneca Pharm. L.P.*, 769 F.3d at 849; *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Here, Progme had at least four opportunities to cure the obvious defects, and it failed to do so.

Second, the Court should deny Progme's motion because of Progme's undue delay. *See Foman*, 371 U.S. at 182. In this Circuit, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Investments Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002). As explained, Progme has ignored Comcast Corporation and Comcast Cable which, through counsel communications and numerous briefs, identified many defects.

---

[8] For example, the fourth amended complaint also fails to explain how Comcast Cable's network meets the "generator," "first attribute," "resource identifier," "second attribute," and "predetermined printable output" elements of the '425 patent claims.

Finally, the Court should deny Progme's motion in view of the undue prejudice that would result to Comcast Cable if the amendment were allowed. For instance, in *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, the Third Circuit affirmed a district court's denial of an amendment because the plaintiffs "had already been given 'ample opportunity [in three complaints] to state a cognizable cause of action'" and requiring the defendants to "'incur the effort and expense'" of repeated motions to dismiss would "clearly constitute undue prejudice." 394 F.3d 126, 163 (3d Cir. 2004). Likewise, Progme has already been given ample opportunity to "state a cognizable cause of action."

C. **The Court should deny Progme's alternative request for voluntary dismissal.**

The Court should also deny Progme's alternative request to voluntarily dismiss this action under Fed. R. Civ. P. 41(a)(2). Indeed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A voluntary dismissal without prejudice is not a matter of right," and the decision to grant such motion lies "within the sound discretion of the Court." *Connor v. Corporate Life Consultants*, 2006 WL 2828865, at *1 (E.D. Pa. Sept. 29, 2006). The court must "decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint." *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974).[9]

Courts in the Third Circuit consider various factors in deciding motions for voluntary dismissal. Factors relevant here include: (1) plaintiff's lack of diligence and explanation in bringing the motion to dismiss; (2) whether the expense of a second litigation would be excessive and duplicative; (3) how much effort and expense the defendants expended in the litigation; and (4) the extent to which the case has progressed. *D.C.G. ex rel. E.M.G. v. Wilson*

---

[9] Courts apply regional-circuit law when addressing motions for voluntary dismissal. *Andersen Corp. v. Pella Corp.*, 300 F. App'x 893, 900 (Fed. Cir. 2008).

*Area Sch. Dist.*, 2009 WL 838548, at *3 (E.D. Pa. Mar. 27, 2009).

First, Progme's lack of diligence and poor explanation for why it is bringing this alternative motion now countenance denial. Progme could have requested voluntary dismissal and fixed its complaint two years ago when Comcast Corporation first raised similar issues with its defective pleading. But Progme waited and now requests dismissal in an unabashed attempt to circumvent the Court's order dismissing allegations in Progme's first-amended complaint because that order supposedly gutted Progme's damages case. Progme states that the remaining counts "do not offer any appreciable damages recovery" and that "this Court's dismissal of . . . 4 counts substantially remove the damages component, to far less than would adequately compensate Progme . . . ." Pl's Br. at 5. Progme's rationale for seeking dismissal not only undermines this Court's ruling but also Fed. R. Civ. P. 15's requirement that parties may amend pleadings only when justice so requires. That rule would be meaningless if plaintiffs could withdraw complaints every time a court denies a motion to amend or grants dismissal of implausible complaints. *See, e.g., Minnesota Mining and Mfg. Co. v. Barr Labs., Inc.*, 289 F.3d 775, 783-84 (Fed. Cir. 2002) (affirming denial of dismissal because plaintiffs were seeking it merely to avoid adverse judgment); *Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 716 (E.D. Pa. 2005) (denying dismissal where plaintiffs attempted to defeat removal to federal court); *see also Dodge–Regupol, Inc. v. RB Rubber Prod., Inc.*, 585 F. Supp. 2d 645, 652–53 (M.D. Pa. 2008) (dismissing action *with prejudice*, as plaintiff sought dismissal "to avoid the adverse effects of the Court's claim construction").

Second, the expense of a second litigation will be both excessive and duplicative to Comcast Cable. Progme intends to refile the same complaint, despite the various pleading deficiencies discussed above. Pl's Br. at 5 (stating that "[i]f all six counts cannot be tried

together in the Eastern District of Pennsylvania, then Progme requests leave to voluntarily dismiss without prejudice this action, to refile in a subsequent action"). Comcast Cable thus would be again facing pleadings that do not meet the plausibility standards for pleadings. *See Baiul v. NBC Sports*, 2016 WL 1587250, at *5-*6 (S.D.N.Y. Apr. 19, 2016) (denying dismissal so that plaintiffs could not refile and thereby multiplying defendant's incurred expenses).

As to the third and fourth factors, Comcast Cable has already undergone two years of extensive motion practice, attempted to fathom five deficient complaints, prepared four motions to dismiss, and opposed three motions for leave to amend. Although this case has not progressed beyond the pleading stage, the expense to Comcast Cable from Progme's failure to plead its case has been significant. *See id.* at *5-*6 (denying dismissal in early stages where defendant already incurred "significant expense for more than two years in responding to" various filings including five complaints). Progme should not be rewarded for its repeated lack of diligence.

### D. In the alternative, the Court should condition voluntary dismissal on Progme's payment of Comcast Cable's costs and attorney fees.

If the Court decides to grant Progme's motion for voluntary dismissal (and Comcast Cable does not believe it should), it should require Progme to pay Comcast Cable's costs and attorney fees incurred to date, and it should condition dismissal on refiling in this District only. The primary purpose of Fed. R. Civ. P. 41(a) is to "prevent voluntary dismissals which will prejudice the opposing party, and . . . to impose curative conditions . . . to avoid such prejudice." *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24 (M.D. Pa. 1988) (quotations omitted). "The decision to impose attorney's fees and costs . . . as a prerequisite to voluntary dismissal without prejudice is within the discretion of the court." *Total Containment, Inc. v. Aveda Mfg. Corp.*, 1990 WL 290146, at *3 (E.D. Pa. Dec. 7, 1990). Courts, including those in this District, have often conditioned voluntary dismissal upon plaintiff's payment of attorney fees and costs. *E.g.*,

*Total Containment, Inc.*, 1990 WL 290146, at *3-*4 (citing *Citizens*, 120 F.R.D. at 24); *Ross v. Infinity Ins. Co.*, 2013 WL 2495114, at *5 (E.D. Pa. June 10, 2013); *Meltzer v. Nat'l Airlines, Inc.*, 31 F.R.D 47, 51 (E.D. Pa. 1962); *Kolman v. Kolman*, 58 F.R.D. 632, 633-34 (W.D. Pa. 1973) (conditioning dismissal on payment of reasonable counsel fees where defendants had already been put through expense of filing pleadings and opposing dismissal motion); *see also* Fed. R. Civ. P. 41(d).

Comcast Cable has already undertaken significant, unnecessary financial expense resulting from Progme's actions and through no fault of its own. In addition, to avoid other prejudice to Comcast Cable, the Court should condition dismissal on requiring Progme to refile only in this District. *See RMD Concessions, L.L.C. v. Westfield Corp.*, 194 F.R.D. 241, 243 (E.D. Va. 2000) (stating that "defendant suffers legal prejudice [] where a voluntary dismissal potentially unravels the effect of an earlier legal ruling," and conditioning dismissal on plaintiff's refiling case in district to which action was previously transferred). Granting Progme's motion without this latter condition would allow Progme to "unravel" the previous court's decision to transfer this case to this District and enable forum shopping.

## IV.     CONCLUSION

Comcast Cable requests that the Court deny Progme's motion for leave to amend and its motion for voluntary dismissal. Progme's proposed amendments, whether filed in a fourth-amended complaint or an initial complaint after dismissal, would be futile and contrary to the Court's recent Order on Comcast's motion to dismiss. This case should proceed, if at all, only as to Progme's direct infringement claims in counts I and II of Progme's first-amended complaint.

Dated: December 8, 2017                           Respectfully submitted,

                                        /s/ Daniel Goettle
                                        Daniel J. Goettle
                                        Jeffrey W. Lesovitz
                                        Stephanie M. Papastephanou
                                        BAKER & HOSTETLER LLP
                                        2929 Arch Street
                                        Cira Centre, 12th Floor
                                        Philadelphia, PA  19104-2891
                                        Telephone:   215.568.3100
                                        Facsimile:    215.568.3439
                                        Email:
                                        dgoettle@bakerlaw.com
                                        jlesovitz@bakerlaw.com
                                        spapastephanou@bakerlaw.com

                                        Attorneys for Defendant
                                        COMCAST CABLE COMMUNICATIONS, LLC

# CERTIFICATE OF SERVICE

I, Jeffrey W. Lesovitz, hereby certify that on December 8, 2017, a copy of Comcast Cable Communications, LLC's Memorandum In Support of Its Opposition To Plaintiff's Motion For Leave To File Fourth Amended Complaint For Patent Infringement Or, In The Alternative, Motion For Leave To File Voluntary Dismissal Of Action Without Prejudice Pursuant To Frcp 41(A)(2) was served upon counsel at the address and in the manner indicated:

**ELECTRONIC MAIL AND ECF**

David A. Reams
LAW OFFICE OF DAVID A. REAMS, P.C.
208 Clair Hill Drive
Rochester Hills, MI 48309
Email: godreams@juno.com

Frank A. Mazzeo
RYDER LU MAZZEO & KONIECZNY LLC
808 Bethlehem Pike
Suite 200
Colmar, PA 18915
215-997-0248
Email: fmazzeo@ryderlu.com

/s/ Jeffrey Lesovitz
Jeffrey W. Lesovitz